UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIPIT, LLC d/b/a YipitData<br><br>            Plaintiff,<br>v.<br><br>ZACHARY EMMETT,<br>ALEXANDER PINSKY, and<br>JOHN DOES 1-10,<br><br>            Defendants. | Case No. 24 -cv- 7854 (_____)<br><br>**JURY TRIAL DEMANDED** |

## ORDER TO SHOW CAUSE

Upon the request of Plaintiff Yipit, LLC d/b/a YipitData ("Yipit" or "Plaintiff") that this Court issue a Preliminary Injunction enjoining Defendants Zachary Emmett and Alexander Pinsky (collectively, "Defendants"), during the pendency of this litigation, from taking certain actions with respect to Yipit's confidential, proprietary, and trade secret business information; the Memorandum of Law in support thereof; the Declaration of Jamie Melzer in Support of a Preliminary Injunction; the Declaration of Paul Pasquale in Support of a Preliminary Injunction; the Declaration of Rose Frawley in Support of a Preliminary Injunction; the Declaration of Laura Smolowe in Support of a Preliminary Injunction; and the Complaint in this action, it is hereby:

**ORDERED** that Defendants show cause before a motion term of this Court, in Room ____, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, on _____, 2024, at _____ am/pm or as soon thereafter as counsel may be heard,[1] why an order should not be issued pursuant to Rule 65 of the Federal

---

[1] Yipit respectfully requests that the Court set a conference to discuss scheduling in light of counsel's schedules and lead counsel's California location.

Rules of Civil Procedure, ordering that Defendants Zachary Emmett and Alexander Pinsky, and anyone acting in concert or participation with them, are:

1. preliminarily enjoined from engaging in further misappropriation, dissemination, copying, and use of any of Yipit's proprietary, confidential, and/or trade secret information (including copies thereof) that they copied, saved, printed, or otherwise obtained from Yipit, including all copies of Yipit electronic files or information in their possession (including the files and information that Mr. Emmett sent to any of his personal accounts or provided to Mr. Pinsky);

2. preliminarily enjoined from continuing to possess, and shall return to Yipit by no later than _____, 2024, at _____ am/pm, any and all of Yipit's proprietary, confidential, and/or trade secret information (including copies thereof) that they copied, saved, printed, or otherwise obtained from Yipit's computer systems, including all copies of Yipit electronic files or information in their possession (including the files and information that Mr. Emmett sent to any of his personal accounts or provided to Mr. Pinsky);

3. preliminarily enjoined from destroying, deleting, transferring, copying, or downloading of any of Yipit's proprietary, confidential, and/or trade secret information in their custody or control, other than in accordance with Paragraph 5 below;

4. required to provide a detailed list of any and all of Yipit's proprietary, confidential, and/or trade secret information currently or formerly in their custody or control, the locations where that information is or was stored, and any locations or persons to which/whom that information was transferred, or in the alternative, produce for

       immediate inspection and imaging all computers and/or other electronic devices belonging to, under the control of, accessible to, or operated by Defendants, including their home computer(s) and/or other electronic devices capable of transmitting and/or storing information;

5. required to permit the permanent removal, deletion, and destruction of all copies of Yipit's electronic files or information transmitted to Defendants' computers or personal accounts or otherwise in their possession, subject to the supervision of Yipit, so as to preserve evidence of all such files or information; and

6. further ordering that Mr. Emmett is preliminarily enjoined from working or consulting for any person or business to whom he has disclosed or discussed any of Yipit's proprietary, confidential, and/or trade secret information;

       **ORDERED** that Defendants shall file opposition papers, if any, on or before _____, 2024;

       **ORDERED** that Yipit shall file reply papers, if any, on or before _____, 2024;

       **ORDERED** that Yipit is not required to provide a bond in support of the preliminary injunction; and

       **ORDERED** that personal service of a copy of Order and papers upon which it is granted on Defendants or their counsel on or before _____ a.m./p.m., on _____, 2024, shall be deemed good and sufficient service thereof.

Dated: _____
      New York, New York

                                    SO ORDERED:

                                    _____
                                                        U.S.D.J.