# EXHIBIT 3

# Buchanan

**Andrew J. Shapren**
215 665 3853
andrew.shapren@bipc.com

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555
T 215 665 8700
F 215 665 8760

August 2, 2024

**VIA EMAIL**

Laura D. Smolowe
Vincent Y. Ling
Munger, Tolles & Olson LLP
350 Sout Grand Avenue
Los Angeles, CA  90071-3426

Re:    **Response to Letters Regarding Zachary Emmett**

Dear Ms. Smolowe and Mr. Ling:

I represent Zachary Emmett and M Science LLC ("M Science") and write in response to the July 15, 2024 letters you sent to Mr. Emmett and M Science, respectively, on behalf of Yipit LLC d/b/a Yipit Data ("Yipit").  Please direct all future correspondence regarding this matter to me.

First, with respect to Yipit's allegations that before his employment with Yipit terminated Mr. Emmett transferred Yipit's confidential and proprietary information via his Facebook account, Mr. Emmett did send himself messages via Facebook Messenger that attached files containing information from Yipit's systems.  However, after his employment with Yipit terminated and before receiving your letter, Mr. Emmett deleted the messages and the files from his possession.  Prior to deleting the files, Mr. Emmett did not use them for the benefit of M Science, provide the files to anyone at M Science, share the files with anyone at M Science, or load or save the files to any M Science device or server.  Further, prior to receiving your letter, M Science was unaware that Mr. Emmett ever had the files in his possession.

Second, with respect to Yipit's allegations that before his employment with Yipit terminated Mr. Emmett transferred Yipit's confidential and proprietary information via his LinkedIn account, Mr. Emmett, as your client likely knows, used LinkedIn throughout his employment at Yipit for business purposes, including to communicate with prospects.  However, Mr. Emmett does not believe he has any information in his LinkedIn account that could reasonably be considered to be confidential or proprietary to Yipit and, in any event, has not accessed or used any Yipit information in his LinkedIn account since he ceased working for Yipit.  Further, my firm has reviewed Mr. Emmett's LinkedIn messages and did not see any information that could be

Laura D. Smolowe
Vincent Y. Ling
August 2, 2024
Page - 2 -

considered confidential or proprietary to Yipit. If you wish to provide us with the underlying basis for Yipit's allegation that Mr. Emmett transferred confidential or proprietary Yipit information via LinkedIn, we would be happy to further investigate and, if he has any such information, Mr. Emmett will return and delete it. As of now, we do not believe he has anything to return.

      Third, Mr. Emmett has searched his other accounts and files and confirms that he does not have any other information arguably belonging to Yipit.

      Fourth, since leaving Yipit, Mr. Emmett has not solicited any Yipit employees to leave Yipit or to join M Science. Although Mr. Emmett has, since leaving Yipit, had communications with a few current Yipit employees with whom Mr. Emmett remains friendly, these communications were social in nature and did not include any solicitation to join M Science.

      Finally, Mr. Emmett is prepared to sign the enclosed certification to put this matter to rest, pending any further information from Yipit regarding information he may have transferred to LinkedIn. Paragraph one is identical to the certification enclosed with your letter to him. I believe paragraph two of your draft was too broad and vague. However, we have included a second paragraph that specifically addresses Yipit's unsubstantiated allegation that Mr. Emmett has solicited its employees.

      I hope and trust these assurances will resolve any concerns Yipit may have. Please advise with any further information regarding confidential or proprietary Yipit data allegedly being transferred to Mr. Emmett's LinkedIn account. Once that issue is resolved, Mr. Emmett will sign the enclosed certification. Please do not hesitate to contact me if you have questions or wish to discuss.

                                                    Sincerely,

                                                    Andrew J. Shapren

Enclosure

## CERTIFICATION

      I certify that I have conducted a thorough search of my accounts (including but not limited to my Facebook and LinkedIn accounts), hard copy files, and electronic devices for documents, data, or information belonging to Yipit, LLC ("Yipit"). I have returned all such documents, data, and information to counsel for Yipit. I certify that I do not have in my possession, custody, or control, nor have I failed to return, any additional documents, data, or information belonging to Yipit. Notwithstanding the foregoing, I understand that I may keep a copy of Yipit's personnel records relating to me.

      I further certify that, since my resignation from Yipit, I have not solicited, induced, encouraged, or participated in soliciting, inducing, or encourage any employee of Yipit to terminate his or her relationship with Yipit.

      I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Date:  August____, 2024          _____

                                         Printed Name: _____