UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIPIT, LLC d/b/a YipitData,<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARY EMMETT,<br>ALEXANDER PINSKY, and<br>JOHN DOES 1-10,<br><br>    Defendants. | Case No. 1:24-cv-07854-JGK<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, the parties to this action who sign onto this Stipulated Confidentiality Agreement and Protective Order (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public personal, business, or other sensitive, confidential, or trade secret documents or information that they may need to disclose in connection with discovery in this action;

WHEREAS, certain of the Parties are engaged in proprietary activities and could be harmed if such information was disclosed publicly;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties hereto through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Protective

1

Order Governing the Production and Exchange of Confidential Information (the "Protective Order") will govern the handling of documents, depositions, deposition transcripts, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among all Parties and non-parties to the Lawsuit (as defined below) (including all copies, abstracts, digests, notes and summaries thereof, as well as any and all information contained therein or derived therefrom) in connection with discovery or court filings in the Lawsuit (such information is referred to herein as "Discovery Material" and the Party or non-party producing, giving, or exchanging such Discovery Material is referred to as the "Producing Party"):

    1.    <u>Definitions</u>. The following definitions shall apply to this Protective Order:

        a.    "Confidential Information" means Discovery Material designated as CONFIDENTIAL under the terms of Paragraph 2 of this Protective Order, and the sum, substance, and/or contents of such documents, materials and information, and copies, drafts, excerpts, notes, memoranda, and summaries thereof or relating thereto;

        b.    "Highly Confidential Information" means Discovery Material designated as HIGHLY CONFIDENTIAL under the terms of Paragraph 3 of this Protective Order, and the sum, substance, and/or contents of such documents, materials and information, and any copies, drafts, excerpts, notes, memoranda, and summaries thereof or relating thereto;

        c.    "Non-party" means any natural person, partnership, corporation, association, or other legal entity not a party in the action captioned above and pending in this Court, and their respective successors, assigns, heirs and devisees;

2

d.  "Lawsuit" means the above-captioned action currently pending in the U.S. District Court for the Southern District of New York, captioned *Yipit, LLC v. Emmett*, No. 1:24-cv-07854-JGK (S.D.N.Y.) and/or any related appeals, or any other action that may be consolidated with the above-captioned action;

e.  "Defendant" means any defendant to this Lawsuit, including Zachary Emmett, Alexander Pinsky, and any other defendant named—now or later—in this Lawsuit;

f.  "Counsel of Record" means attorneys who are retained to represent or advise a Party and who enter a notice of appearance in this Lawsuit;

g.  "Court" means the United States District Court for the Southern District of New York;

h.  "Disclosure" and "disclosed" as used in this Protective Order include, without limitation, allowing (or failing to take reasonable steps to prevent): (a) visual inspection of designated Discovery Material (or any summary, description, abstract, or index thereof) by an individual not authorized under this Order; or (b) any communication disclosing the substance of designated Discovery Materials or the specific terms detailed therein (or any summary, description, abstract, or index thereof) to an individual not authorized under this Order. The Parties agree, however, that nothing herein shall prevent the Parties' counsel from giving legal advice to their respective clients based on Discovery Materials protected by this Stipulation and Order.

2.  <u>Designation of Discovery Materials as CONFIDENTIAL.</u>

a.  Any Party or non-party producing documents or other information in this Lawsuit may designate the Discovery Material, or any part thereof, as CONFIDENTIAL by stamping each page containing such matter with the word CONFIDENTIAL. Only documents and information that the Producing Party believes in good faith (a) constitutes non-public technical, marketing, financial, business relationship, market analysis, strategic planning, proprietary, commercially sensitive, or other business-related information that is not available, known, or freely accessible to the public; (b) is private personal information; or (c) is otherwise entitled to protection because it is not publicly known, the Producing Party ordinarily treats such information as confidential or proprietary and does not ordinarily disclose such information to others, and it is information not appropriate for public disclosure under Rule 26(c) of the Federal Rules of Civil Procedure, shall be designated as CONFIDENTIAL.

b.  Unless otherwise ordered by this Court, Confidential Information shall be maintained in confidence solely for use in connection with this Lawsuit and shall not be used in any way for any other purpose, including any business purpose, and such materials shall not be disclosed to any person except:

   i.  subject to paragraph 9 of this Protective Order, a Party or an officer, director or employee of a Party, to the extent that such person has a need to review the Confidential Information in connection with the prosecution or defense of this Lawsuit;

   ii.  Counsel of Record who represent the Parties and the partners, associates, paralegals, secretaries, clerical, regular and temporary

4

employees, and service vendors of such counsel (including outside copying services and outside litigation support services) who are assisting Counsel of Record for use in accordance with this Protective Order, and in-house counsel of a Party who have a need to review the material in connection with this Lawsuit;

iii. subject to paragraphs 7 and 9 of this Protective Order, an expert retained by counsel for a Party in connection with the prosecution or defense of this Lawsuit, to the extent that such person has a need to review the designated information in connection with the prosecution or defense of this Lawsuit;

iv. a Party witness and that witness's counsel in the course of the witness's testimony in a deposition or trial conducted in this Lawsuit to the extent deemed reasonably necessary by Counsel of Record in order to examine such witness;

v. A non-party witness and that witness's counsel during the course of that witness's deposition or trial testimony to the extent deemed reasonably necessary by Counsel of Record in order to examine such witness, but only if that witness and that witness's counsel agree (a) not to use or disclose such information other than in the course of the deposition or trial testimony, and (b) not to keep or make copies of such information, including excerpts or summaries. If the witness and/or counsel refuse such agreement, the Parties shall promptly contact the Court (such as by placing

a telephone call to chambers during the deposition) for guidance and to request reasonable accommodation for the conduct of the testimony;

vi. any mediator or other neutral facilitator agreed upon by the Parties or ordered by the Court, and persons employed by the mediator and facilitator;

vii. the Court and its legal, clerical, secretarial, and other supporting staff and assistants, including a stenographic reporter or certified videotape operator engaged in such proceedings as a necessary incident to trial of this action and/or preparation of this action for trial; and

viii. any other person or entity agreed to by the Parties or their counsel in writing.

3. Designation of Discovery Materials as HIGHLY CONFIDENTIAL.

a. Discovery Material designated as CONFIDENTIAL in accordance with this Protective Order may be further designated as HIGHLY CONFIDENTIAL if such materials contain highly-sensitive business or personal information that has not been made publicly available and the production of which the Producing Party reasonably believes in good faith would create a risk of harm to personal, commercial, financial, strategic, or business interests of the Producing Party or reasonably put the Producing Party at a material competitive disadvantage if such information were disclosed to the Party to which such information is produced.

b. Any Party or non-party may designate discovery material or portions thereof as HIGHLY CONFIDENTIAL by stamping each page containing such matter with the words HIGHLY CONFIDENTIAL.

    c.    Unless otherwise ordered by this Court, Highly Confidential Information shall be maintained in confidence solely for use in connection with this Lawsuit and shall not be used in any way for any other purpose, including any business purpose, and such materials shall not be disclosed to any person except those detailed in Paragraphs 2(b)(ii), (iii), (vi-viii), and in Paragraphs 2(b)(iv) and (v), but only where the witness was listed in the address field for the document containing Highly Confidential Information, or the face of the document indicates that the witness has already seen the Highly Confidential Information. In addition, subject to paragraph 10 of this Protective Order, Highly Confidential material may be shown to Mr. Emmett, Mr. Pinsky, and any other Defendant who is an individual, provided that each of them may use such material solely in connection with this Lawsuit, and that such Defendant may review said material only in the presence of Counsel of Record (including by videoconference (e.g., Zoom)) in connection with this Lawsuit, and further provided that such Defendant does not retain possession or control over said material or any copies thereof;

4.    <u>Designation of Deposition Transcripts or Other Pre-Trial Testimony</u>. Depositions or other pretrial testimony may be designated as Confidential Information or Highly Confidential Information in the following manner: by (i) a statement on the record, by counsel, that certain information or testimony is Confidential Information or Highly Confidential Information, or (ii) written notice, sent by counsel to all Parties within 20 days of receipt of the final transcript, stating by page and line, which portions of the transcript or exhibits thereto are Confidential Information or Highly Confidential Information. All depositions or other pretrial testimony that were not designated as Confidential Information

or Highly Confidential Information by a statement on the record, by counsel, as set forth above, will be deemed to be Highly Confidential Information until the expiration of the 20th day after counsel receive a copy of the final transcript thereof. If, by the end of the 20-day period, a deponent or their counsel has designated any transcript portion or exhibits as Confidential Information or Highly Confidential Information, then thereafter such transcript portions or exhibits shall be disclosed only in accordance with this Protective Order. If none of the materials is designated as Confidential Information or Highly Confidential Information at the end of the 20-day period, then none of the transcript or exhibits shall be treated as confidential (although exhibits where the underlying document was previously designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall maintain any such designation). Parties may modify this procedure for any particular deposition or other pre-trial testimony by written agreement, without further order of the Court.

5.   Designation of Materials Produced by Non-Parties. In the case of Discovery Material produced by a non-party to this case, a receiving Party shall notify all Counsel of Record in writing within twenty days after receipt of the specific Discovery Material what portions such Producing Party has designated to be Confidential Information or Highly Confidential Information.

6.   Use of Discovery Materials in Court. Nothing contained in this Protective Order shall prevent a Party from using Discovery Material designated as Confidential Information or Highly Confidential Information, or from referring to or reciting any information contained in such materials, in proceedings before this Court, including motion papers, affidavits, briefs, or other papers and depositions filed with the Court, or at any hearing,

conference or trial before the Court. All materials designated as Confidential Information and Highly Confidential Information filed with the Court, and any pleading, motion paper, affidavit, deposition transcript, brief, memorandum or other paper filed with the Court disclosing such material, shall be identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL, filed under seal and kept under seal until further order of the Court. In the event of a filing under seal, Parties should publicly file a redacted version of the submission to the extent practicable. This Protective Order shall not be construed to prevent examination of any Party or non-party as a witness at trial or during deposition concerning any Discovery Material designated as Confidential Information or Highly Confidential Information which that Party or non-party had lawfully received before or apart from the Lawsuit. Any Producing Party and its directors, officers and employees may be examined at trial or during deposition regarding the Discovery Material designated as Confidential Information or Highly Confidential Information.

7.    <u>Sharing Confidential Information or Highly Confidential Information with Experts</u>. Confidential Information and Highly Confidential Information may be disclosed to an expert or consultant only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Lawsuit, provided that such expert or consultant is using said Confidential Information or Highly Confidential Information solely in connection with this Lawsuit; and further provided that such expert or consultant agrees to be bound by the terms of this Protective Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Information or Highly Confidential Information to any person required to execute an undertaking pursuant to this paragraph

shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor of a Party, who is an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Information or Highly Confidential Information absent further order of the Court or consent of the Producing Party. For the purposes of this paragraph, a "competitor" is a person or entity endeavoring to engage in the same or similar lines of business, provide the same or similar services, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

8.  <u>Objections</u>. Any Party who objects to any designation of confidentiality may at any time before the trial of this Lawsuit serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the parties cannot reach agreement promptly, the objecting Party may then submit the dispute to the Court for resolution. Until said dispute is resolved by the Court, the documents or information shall retain their designation as Confidential Information or Highly Confidential Information and thereafter shall be designated as the Court may direct.

9.  <u>Recipients of Discovery Material</u>. Any recipient of Discovery Material under paragraphs 2 or 3 of this Protective Order shall not disclose such Discovery Material, in whole or in part, to any Party or non-party not entitled to receive such Discovery Material under paragraphs 2 or 3. Any recipient to whom discovery materials designated Confidential Information or Highly Confidential Information are disclosed pursuant to this Order shall be advised that such information is being disclosed pursuant to, and subject to the terms of, an order of the Court, and that the sanctions for any violations of the Order

may include penalties which may be imposed by the Court for contempt. Further, it shall be the responsibility of the Party wishing to disclose Discovery Material designated Confidential Information or Highly Confidential Information to any person pursuant to paragraphs 2(b)(i) (other than a Party) or 2(b)(iii) above to ensure that such person executes an undertaking in the form attached as Exhibit A hereto before gaining access to any such material. Each Party shall maintain copies of such undertakings and shall make such copies available to the other Party upon request or order of the Court.

10. <u>Limitations</u>.  A Party may disclose or use in any manner or for any purpose, any documents, information, or things from that Party's own files that the Party itself has designated Confidential Information or Highly Confidential Information.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a receiving Party: (i) that was previously produced, disclosed, and/or provided by the Producing Party to the receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (ii) with the written consent of the Producing Party; or (iii) pursuant to order of the Court.

11. <u>Inadvertent Failure to Designate as Confidential or Highly Confidential</u>. Inadvertent failure to designate Discovery Material as Confidential Information or Highly Confidential Information shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential Information or Highly Confidential Information any Discovery Material that has already been produced by notifying, in writing, the Party to whom the production has been made that the Discovery Material should be designated as Confidential Information or Highly Confidential Information. Upon receiving such supplemental notice, the Parties shall mark and treat the Discovery

11

Material as Confidential Information or Highly Confidential Information, as appropriate, from the date of such supplemental notification forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes or other such materials generated based upon such newly designated information are immediately treated as being Confidential Information or Highly Confidential Information, as appropriate. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as Confidential Information or Highly Confidential Information shall exercise its best efforts to ensure: (i) the return or destruction of such Discovery Material in the possession of any persons not authorized to receive such material under this Protective Order, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential Information or Highly Confidential Information, as appropriate, when originally produced, and (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Protective Order.

12.     Inadvertent Disclosures.  If Confidential Information or Highly Confidential Information is disclosed or comes into the possession of any person not authorized to receive such information under this Protective Order, such material shall not lose its confidential status by reason of such inadvertent disclosure. The Party responsible for the disclosure shall, within two (2) business days of becoming aware of such disclosure: (a) inform the Producing Party that designated the information at issue of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; (b) use its best efforts to obtain the prompt return of the original and

all copies of any such Confidential Information or Highly Confidential Information; (c) inform such unauthorized person or party of all provisions of this Protective Order; and (d) request such unauthorized person or party to sign the undertaking attached as Exhibit A hereto. The executed undertaking shall be provided to the Producing Party that designated the information at issue within five business days of its execution by the person or party to whom Confidential Information or Highly Confidential Information was disclosed. The requirements set forth in this paragraph shall not prevent any Party from applying to the Court for further or additional relief.

13.     <u>Inadvertent Production of Privileged Material</u>.  If a Party or non-party inadvertently produces Discovery Material that is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure, the Party in receipt of such materials, upon request of the Producing Party, shall return the Discovery Material for which a claim of inadvertent production is made and destroy all copies thereof within five (5) business days, and shall provide written certification to the Producing Party of such return or destruction.

14.     <u>Destruction or Return of Discovery Materials</u>.  Within 45 days after this Lawsuit and any related litigation is finally terminated and all available appellate remedies have been exhausted, each Party shall either destroy or return to the opposing Party all Discovery Material designated by the opposing Party as Confidential Information or Highly Confidential Information. Each Party shall certify to the opposing Party the return or destruction within the 45-day period. Where a Party has provided Confidential Information or Highly Confidential Information to an expert or any other person or entity, it shall be the responsibility of both the Party and the person or entity to whom the Confidential

Information or Highly Confidential Information was provided to return, destroy, or maintain the Confidential Information or Highly Confidential Information in accordance with Paragraph 15 and this paragraph. This paragraph shall not apply to Discovery Materials that were attached to any submissions filed with the Court or that had been previously permanently destroyed or then so destroyed, provided that counsel for the receiving Party certifies in writing to the Producing Party within the applicable time period that such materials have been permanently destroyed. Notwithstanding the foregoing, Counsel of Record may keep an archival copy of its file for six years.

15. <u>Survival of Obligations</u>. With respect to any Discovery Material designated Confidential Information or Highly Confidential Information under this Protective Order, the rights and obligations under this Protective Order shall survive this Lawsuit to the extent the information in such Discovery Material is not or does not become known to the public and continues to be binding upon all persons to whom Confidential Information or Highly Confidential Information is disclosed hereunder. Upon conclusion of this Lawsuit, outside Counsel of Record may retain archival copies of (a) all hearing transcripts and exhibits thereto, (b) all written submissions and exhibits thereto, (c) all correspondence and exhibits thereto, (d) expert reports, and (e) any documents, things, copies and samples to the extent they include or reflect the receiving attorney's work product. No other copies may be retained of materials designated Highly Confidential Information.

16. <u>Subpoenas or Other Compulsory Processes Seeking Production of Discovery Material</u>. If any person in possession of Confidential Information or Highly Confidential Information (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Discovery Material designated as Confidential

Case 1:24-cv-07854-JGK   Document 43   Filed 10/31/24   Page 15 of 19

Information or Highly Confidential Information by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within 5 business days of receipt of such Demand (or if a response to the Demand is due in less than 5 business days, at least 24 hours prior to the deadline for a response to the Demand), identifying Confidential Information or Highly Confidential Information sought and enclosing a copy of the Demand, and must object to the production of the Confidential Information or Highly Confidential Information on the grounds of the existence of this Protective Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Information or Highly Confidential Information covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Information or Highly Confidential Information will not constitute a violation of this Protective Order.

17. This Order shall not prejudice or affect any Party's right to object to the authenticity or admissibility of any Discovery Material used as evidence at the time of trial.

18. Non-parties can avail themselves of the protection of this Protective Order to maintain the confidentiality of Discovery Material containing sensitive or proprietary business or financial information by executing a duplicate of this Protective Order and serving a copy thereof on all Counsel of Record and thereafter producing documents in response to a subpoena in accordance with this Protective Order.

19. This Court, in its discretion, may modify this Protective Order at the request of any Party.

20. This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violations of this Order.

21. This Protective Order shall become binding upon the Parties to this Order immediately upon its being lodged or filed with the Court in this action and will survive the termination of the Lawsuit and continue to be binding upon all Parties or non-parties to whom Confidential Information or Highly Confidential Information is produced or disclosed.

*[Handwritten note: "This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time. So Ordered. JGK xelt 11/1/24 USDJ"]*

SO STIPULATED AND AGREED.

/s/Laura D. Smolowe                    10/30/2024
Laura D. Smolowe                       Date

_____        10/31/2024
Zachary Emmett                         Date

/s/Blaine Bortnick                     10/30/2024
Counsel for Alexander Pinsky           Date

IT IS SO ORDERED.

_____
11/1/24  United States District / Magistrate Judge

16

Copies furnished to:
All Counsel of Record

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIPIT, LLC d/b/a YipitData,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ZACHARY EMMETT,<br>ALEXANDER PINSKY, and<br>JOHN DOES 1-10,<br><br>　　　　　Defendants. | Case No. 1:24-cv-07854-JGK<br><br>**JURY TRIAL DEMANDED** |

### Exhibit A – Undertaking

I certify that I have received and reviewed the STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER (the "Protective Order") in the above-captioned action.

I understand the terms of the Protective Order, and I agree to be bound by its terms and conditions with respect to any documents, materials, or information designated "Confidential Information" or "Highly Confidential Information" that are furnished to me as set forth in the Protective Order.

I further agree: (a) not to disclose to anyone any documents, materials, or information designated "Confidential Information" or "Highly Confidential Information" other than as set forth in the Protective Order; (b) not to make any copies of any documents, materials, or information designated "Confidential Information" or "Highly Confidential Information" except in accordance with the Protective Order; (c) not to use any documents, materials, or information designated "Confidential Information" or "Highly Confidential Information" except in accordance with the Protective Order; and (d) to destroy or return to the Party who provided me

with such "Confidential Information" or "Highly Confidential Information" materials all copies (including excerpts and summaries) thereof, within forty-five (45) days of a request to destroy or return such materials or the dismissal of this action with all available appellate remedies exhausted, whichever comes first.

I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York with regard to any proceedings to enforce the terms and conditions of the Protective Order.

I declare that this Undertaking is true and correct.

EXECUTED this _____ day of _____, _____.

_____
Signature

_____
Print Name

_____
Present Employer or Other Business Affiliation

_____
Business Address