MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE 50TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

December 13, 2024

**APPLICATION GRANTED**
**SO ORDERED**

12/16/24

John G. Koeltl, U.S.D.J.

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: **Yipit LLC d/b/a YipitData v. Emmett et al.; No. 1:24-cv-07854-JGK**
<u>**Motion to Seal Documents**</u>

Dear Judge Koeltl:

Yipit, LLC d/b/a YipitData respectfully submits this letter motion to seal Yipit's concurrently filed reply brief in support of its motion for a preliminary injunction and the associated declarations of Taylor Benninger and Jamie Melzer.

Those documents contain Yipit's highly confidential, competitively sensitive business information that, if publicly disclosed, could harm Yipit's competitive standing. In particular, Yipit's reply brief in support of its motion for a preliminary injunction discloses specific, competitively sensitive details about its products, pricing, and data sources, which would provide competitors with exploitable insights into Yipit's business practices if publicly revealed. The declarations of Taylor Benninger and Jamie Melzer disclose similar information as well as the names and identifying information of several of Yipit's investor customers, whose identities must remain confidential in order to protect their competitive interest in safeguarding the sources of their information.

Sealing is justified under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Yipit has a compelling interest in protecting its commercially sensitive and confidential business information, *see Standard Inv. Chartered v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009), and courts routinely grant motions to seal documents disclosing specific, confidential information about a business's customers, products, and pricing, *see, e.g., Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 2d 566, 600 (S.D.N.Y. 2018); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-4500 (GHW), 2021 WL 122122, at *3 (S.D.N.Y. Mar. 31, 2021).

Further, Yipit's motion to seal is narrowly tailored to preserve the public's interest in access to court records. Yipit has publicly filed versions of its reply brief and associated declarations that narrowly redact Yipit's confidential, competitively sensitive business information, leaving unredacted all non-confidential facts. *See, e.g., Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022) (granting motion to seal because "release of the information contained in the [document] could cause competitive harm to Defendants, and because the proposed redactions are narrowly tailored to protect only this sensitive business information").

MUNGER, TOLLES & OLSON LLP

The Honorable John G. Koeltl
December 13, 2024
Page 2

Accordingly, the motion to seal should be granted.

Respectfully submitted,

Laura D. Smolowe
*Attorney for Plaintiff Yipit*