MUNGER, TOLLES & OLSON LLP
350 SOUTH GRAND AVENUE 50TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

January 16, 2025

Writer's Direct Contact
(213) 683-9113
laura.smolowe@mto.com

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *Yipit, LLC d/b/a YipitData v. Emmett et al.*, 1:24-cv-07854 (JGK) (RFT)

Dear Judge Koeltl:

    We represent plaintiff Yipit, LLC d/b/a YipitData ("Yipit") in the above-captioned matter. We write pursuant to Rule II(B) of Your Honor's Individual Practices seeking a pre-motion conference in advance of an anticipated motion to amend that would add claims against three new parties: M Science, LLC ("M Science"); its Chief Executive Officer, Michael Marrale ("Marrale"); and its former Chief Revenue Officer, Valentin Roduit ("Roduit"). Yipit is concurrently asking counsel for the current defendants, Zachary Emmett ("Emmett") and Alexander Pinsky ("Pinsky"), if they will consent to the amendment and obviate motion practice. In the interim, Yipit respectfully requests that the Court hold a pre-motion conference to discuss its proposed motion to amend, or dispense with the pre-motion conference and grant Yipit leave to file the proposed amended complaint.

**Background**

    This case concerns a conspiracy that succeeded in stealing some of Yipit's most closely guarded and valuable trade secrets. On October 16, 2024, Yipit filed suit against two of the chief architects of the conspiracy, Emmett and Pinsky (Dkt. No. 1), asserting, *inter alia*, claims for violation of the federal Defend Trade Secrets Act, common law trade secret misappropriation, and conspiracy.[1] With the assistance of Magistrate Judge Tarnofsky, Yipit has since reached settlements in principle with Emmett and Pinsky.

    At the time it filed its original complaint, Yipit was still investigating other individuals' and entities' roles in the conspiracy. As the litigation proceeded, Yipit uncovered further evidence of the degree to which M Science, Marrale, and Roduit misappropriated its trade secrets and furthered the conspiracy. Yipit's attempts to reach a pre-litigation resolution were unsuccessful.

---

[1] Yipit filed a first amended complaint against Emmett and Pinsky on December 20, 2024 (Dkt. No. 74), per Court order (Dkt. No. 61).

MUNGER, TOLLES & OLSON LLP

Hon. John G. Koeltl
January 16, 2025
Page 2

Accordingly, Yipit now seeks to add M Science, Marrale, and Roduit as defendants. It has prepared, and could promptly file, a second amended complaint with claims against M Science for trade secret misappropriation, tortious interference, aiding and abetting, and conspiracy, and with claims against Marrale and Roduit for trade secret misappropriation and conspiracy. Yipit expects that, once its second amended complaint is on file, it will quickly finalize its settlements with Emmett and Pinsky.

**Argument**

The Court should grant leave for Yipit to file its second amended complaint naming M Science, Marrale, and Roduit as defendants. Rule 15(a)(2) allows a party to amend its pleading "with the opposing party's written consent or the court's leave," which it "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The liberal amendment standard is easily satisfied here.

First, there has been no undue delay, as the case is not even four months old and discovery has not begun. *See Gale v. Smith & Nephew, Inc.*, No. 12 CV 3614 VB, 2013 WL 9874422, at *6 (S.D.N.Y. Sept. 13, 2013) (holding that amendment was not the product of undue delay where discovery had not begun).

Second, there is no evidence of bad faith.

Third, the amendment will not prejudice Emmett or Pinsky. The Second Circuit evaluates prejudice by considering factors including whether the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial," or whether it would "significantly delay the resolution of the dispute." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). As the Court is aware, Yipit has reached agreements in principle with Emmett and Pinsky, and assuming those agreements are soon finalized, there will be no prejudice whatsoever. But even if Emmett and Pinsky were to remain as parties, the amendment would not prejudice them because it would only require them to expend resources they would otherwise expend. Moreover, the amendment would not delay trial since discovery has not begun and no trial date has been set.

Finally, the proposed amendment is far from futile. As Yipit's operative pleading already reveals, and as its proposed second amended complaint will set forth in greater detail, M Science, Marrale, and Roduit encouraged and directly participated in Emmett and Pinsky's theft of Yipit's trade secrets. As just a few examples, Marrale directed Pinsky to solicit confidential, proprietary, and trade secret information from Emmett concerning the data providers supporting various Yipit products and the way in which Yipit packages some of its products. (*See* Dkt. No. 56, ¶ 14.) Similarly, in mid-March, Pinsky sent Roduit screenshots of a text message exchange in which

MUNGER, TOLLES & OLSON LLP

Hon. John G. Koeltl
January 16, 2025
Page 3

Emmett provided Pinsky with confidential information about a Yipit customer. (Dkt. No. 74, ¶ 68.) Roduit responded to Emmett's willingness to betray Yipit's confidences by interviewing Emmett for a position at M Science. (*Id.*) On another occasion, Roduit acquired a detailed customer list that Emmett had stolen from Yipit by viewing that list on Emmett's phone. (*Id.* ¶ 93.) On yet another occasion, Roduit began a Teams chat with Emmett after Emmett disclosed to Roduit a "[s]uper secretive" Yipit customer. (*Id.* ¶ 94(c).) The examples of Marrale's, Roduit's, and M Science's intentional acts of theft and conspiracy go on, and they will be further alleged in Yipit's proposed amended pleading. Thus, Yipit's proposed amendment easily states claims against M Science, Marrale, and Roduit. Yipit's anticipated motion to amend should be granted.

**Conclusion**

Yipit satisfies the liberal standard for amendment. As Yipit's proposed amendment should lead to the consummation of settlements with Emmett and Pinsky, and as it is not the product of undue delay, prejudicial, or futile, the amendment should be granted. Yipit remains hopeful that Emmett and Pinsky will consent to the amendment and forgo unnecessary motion practice. But to preserve its rights against M Science, Marrale, and Roduit, and because the agreements with Emmett and Pinsky are still being negotiated, Yipit respectfully requests that the Court schedule a pre-motion conference, or alternatively, dispense with such a conference as unnecessary and grant Yipit leave to amend the complaint. Yipit looks forward to addressing these issues with Your Honor.

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

Laura D. Smolowe