UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIPIT, LLC d/b/a YipitData,<br><br>      Plaintiff,<br><br>v.<br><br>ZACHARY EMMETT,<br>ALEXANDER PINSKY, and<br>JOHN DOES 1-10,<br><br>      Defendants. | Case No. 1:24-cv-07854-JGK<br><br>**JURY TRIAL DEMANDED** |

### JOINT STATUS REPORT

Pursuant to this Court's January 9, 2025, Order (Dkt. No. 77), plaintiff Yipit, LLC d/b/a YipitData ("Yipit"), and defendants Zachary Emmett ("Emmett") and Alexander Pinsky ("Pinsky") (together with Emmett, "Defendants," and collectively with Yipit, the "Parties") hereby file this joint status report.

**I.    STATUS OF SETTLEMENT EFFORTS**

    **A.  Yipit's Position**

As explained in Yipit's January 9, 2025, Letter (Dkt. No. 78), the parties participated in a settlement conference with Magistrate Judge Tarnofsky on January 8, 2025. There, Yipit reached agreements in principle with both defendants, both of which include consent injunctions and judgments, and both of which were contingent on continuing to negotiate and finalize details in the terms. At the time of this filing, neither settlement has been finalized. However, the Parties are negotiating in good faith, and continue to make progress in negotiating the agreed-upon language.

1

In the meantime, and as further described in § II, below, Yipit has concluded that it needs to amend its complaint to add M Science, Michael Marrale, and Valentin Roduit (all of whom participated in the conspiracy with the currently-named Defendants). Therefore, Yipit has sought Defendants' Pinsky and Emmett's consent to amend the complaint while it continues to negotiate settlements with the existing Defendants.

Accordingly, Yipit proposes that, no later than January 31, 2025, the Parties either (1) file consent injunctions and judgments for Your Honor's approval; (2) file an updated status report; or (3) if the Parties fail to finalize the anticipated settlements, request a new date for the preliminary injunction hearing as to Emmett and/or Pinsky. In the interim, Yipit requests that all deadlines in this case remain stayed.

### B. Emmett's Position

Mr. Emmett wants to resolve the case with Yipit and have his name removed from the caption.

### C. Pinsky's Position

We understand there to be two primary documents to memorialize the settlement: a consent injunction and judgment and a long-form agreement. Pinsky understands that the language of the consent injunction and judgment as to him has been finalized. We are still awaiting the long-form settlement agreement which we understand that Yipit's counsel has drafted and is seeking its client's approval to send to us.

As for the proposed deadlines Yipit sets forth above, Pinsky disagrees that a January 31, 2025 deadline is appropriate to reinstate the preliminary injunction hearing (number (3) above). We understand that the settlement is still on track and just awaiting the long form settlement agreement so there is no need to reschedule the hearing.

II.     **YIPIT'S REQUEST TO AMEND ITS COMPLAINT**

On January 16, 2025, Yipit filed a letter with this Court requesting a pre-motion conference in advance of its anticipated motion to amend its Complaint to add three new defendants: Valentin Roduit, Michael Marrale, and M Science, LLC. *See* Dkt. No. 79. The Parties' respective positions on this proposed amendment are set forth below.

   A.  **Yipit's Position**

After Yipit learned that the wrongdoing described in this action extended to M Science and its various executives and employees, Yipit attempted to resolve this dispute with M Science without the need for litigation. When those efforts proved unsuccessful, Yipit immediately sought Emmett's and Pinsky's consent, or alternatively this Court's permission, to add M Science, Michael Marrale (M Science's CEO), and Valentin Roduit (M Science's former CRO) to this lawsuit. *See* Dkt. No. 79. All of these individuals were co-conspirators with Defendants. While Yipit is of course happy to file a formal motion if necessary, the request to amend its complaint should not be controversial and should be granted for the reasons set forth in its letter. *See id.*

On January 21, 2025, Pinsky filed a response opposing Yipit's proposed motion to amend. *See* Dkt. No. 80. Yipit's counsel has conferred with Pinsky's counsel and hopes to reach agreement. In the interim, Yipit respectfully submits that Pinsky's objections are meritless.

***First,*** Pinsky asserts that it was "improper for Yipit to ask Pinsky to consent to an amended complaint without Yipit actually providing him" or "the Court" "with the proposed amended complaint." Dkt. No. 80 at 1. Yipit could not, however, attach its proposed amended complaint to its letter-motion given space constraints. *See* Individual Practices of Judge John G.

3

Koeltl, § I.F ("Letter-motions, together with any related exhibits, should not exceed 3 pages in length.")  And Yipit would have provided its proposed amended complaint if Pinsky had asked for it, but he did not do so before filing his letter.[1]  In any event, Yipit has now provided it to both Mr. Pinsky and Mr. Emmett.

**Second,** Yipit has sound reasons for seeking to amend its complaint in this case instead of "filing a new action."  Dkt. No. 80 at 2.  For example, under the rules of claim splitting, "duplicative litigation is not the proper procedure for adding additional parties," and Yipit is cognizant that it cannot "circumvent the rules pertaining to the amendment of complaints" by filing a new action.  *Marciniak v. Massachusetts Inst. of Tech.*, No. 23 CIV. 10305 (JPC), 2024 WL 4350872, at *12 (S.D.N.Y. Sept. 29, 2024) (citation omitted).  Moreover, it makes practical sense to amend the complaint in this case instead of starting a new case, as both Judge Koeltl and Judge Tarnofsky are now familiar with this matter, and several declarations containing facts relevant to the proposed additional defendants are already filed on this docket.

**Third,** Pinsky argues that Yipit's second amended complaint may contain new allegations against him, which "will be public and will undoubtedly be the subject of additional press coverage."  Dkt. No. 80 at 1.  But the public nature of the allegations and the potential for press coverage will remain the same regardless of whether additional allegations appear in this action or in a second action.  This is no reason to delay, much less deny amendment.[2]

---

[1] In fact, after receiving Yipit's request to consent, Pinsky's counsel represented that he was traveling internationally and could not respond before the weekend at the earliest.  Yipit did not hear from Pinsky's counsel again until he filed his response letter.

[2] To the extent that Pinsky objects to his name remaining in the docket title, *see id.*, the proper time to address this is *after* settlement, but Yipit is not opposed to revising the case caption after amendment.

4

***Finally,*** Pinsky's representation that "[b]oth of the current defendants (Pinsky and Emmet) have reached settlements to resolve their matters in full," Dkt. No. 80 at 1, ignores the fact that no settlements have been finalized and no judgments have been entered. And, an amendment need not to delay the settlement process. If Defendants consent to an amendment, Yipit would file its amended complaint within one court day, and the settlement could be finalized just as promptly as it would be without an amendment.**]**

### B.  Emmett's Position

Zach Emmett will not object to Yipit filing an amended complaint against M Science, but he maintains that his name must be removed from the caption upon settlement. Mr. Emmett joins in on the concerns raised by Pinsky.

### C.  Pinsky's Position

Yipit provided counsel with the proposed second amended complaint yesterday. Yipit marked the document "HIGHLY CONFIDENTIAL" so Mr. Pinsky is only able to review the 97-page document live with counsel – he cannot have a copy to review himself. As a result, we have only been able to partially review the document with Mr. Pinsky to determine his position on consenting to the amendment.

As for Yipit's concern above regarding "claim splitting," as the Court is aware, that equitable doctrine applies to two simultaneously pending actions against the same defendants. Given the circumstances here that the current case against the current defendants will be concluded shortly, we do not believe the doctrine should be applied to a case against wholly new defendants. Regardless, Yipit's counsel has suggested requesting to rename the caption of this matter which may alleviate some of Mr. Pinsky's concerns. We would also welcome any guidance from the Court on how best to proceed.

DATED: January 22, 2025             Respectfully submitted,


*/s/ Laura D. Smolowe*
Laura D. Smolowe
Counsel for Yipit


*/s/ Zachary Emmett*
Zachary Emmett


*/s/ Jim Halter*
Jim Halter
Counsel for Alexander Pinsky