**MUNGER, TOLLES & OLSON LLP**

350 SOUTH GRAND AVENUE 50TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

January 30, 2025

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

*[Handwritten annotation: Application granted. The plaintiff should file redacted copies on the record. So ordered. 1/31/25 /s/ John G. Koeltl, U.S.D.J.]*

Re: **Yipit LLC d/b/a YipitData v. Emmett et al.; No. 1:24-cv-07854-JGK**
**Motion to Seal Documents**

Dear Judge Koeltl:

Yipit, LLC d/b/a YipitData respectfully submits this letter motion to seal Yipit's concurrently filed motion for a preliminary injunction against M Science, LLC; Michael Marrale; and Valentin Roduit as well as exhibits 2 and 3 of the associated declaration of Taylor Benninger.

Those documents contain Yipit's highly confidential, competitively sensitive business information that, if publicly disclosed, could harm Yipit's competitive standing. In particular, each document discloses (1) specific, competitively sensitive details about Yipit's products, pricing, and data sources, which would provide competitors with exploitable insights into Yipit's business practices of revealed publicly; and (2) the names and identifying information of several of Yipit's investor customers, whose identities must remain confidential in order to protect the customers' competitive interest in safeguarding the sources of their information.

Sealing is justified under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Yipit has a compelling interest in protecting its commercially sensitive and confidential business information, *see Standard Inv. Chartered v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009), and courts routinely grant motions to seal documents disclosing specific, confidential information about a business's customers, products, and pricing, *see, e.g., Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 2d 566, 600 (S.D.N.Y. 2018); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-4500 (GHW), 2021 WL 122122, at *3 (S.D.N.Y. Mar. 31, 2021). Indeed, this Court has granted nearly identical requests to seal documents containing much of the same information underlying this motion. *See* Dkt. Nos. 65, 73.

Further, this motion to seal is narrowly tailored to preserve the public's interest in access to court records. Yipit has publicly filed a version of its motion for a preliminary injunction that narrowly redacts only the portions that contain Yipit's highly confidential, competitively sensitive business information. *See, e.g., Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022) (granting motion to seal because "release of the information contained in the [document] could cause competitive harm to Defendants, and because the proposed redactions are narrowly tailored to protect only this sensitive business information"); *KeyBank*

MUNGER, TOLLES & OLSON LLP

The Honorable John G. Koeltl
January 30, 2025
Page 2

*Nat'l Assn. v. Element Transp. LLC*, No. 16-CV-8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where the movant "narrowly tailored their redactions, strictly limiting them to the portions of the [document]" containing confidential information). Yipit requests to seal the entirety of exhibits 2 and 3 of the declaration of Taylor Benninger because substantial portions of these documents contain Yipit's highly confidential, competitively sensitive business information. "Given the intertwining of public and non-public information in" exhibits 2 and 3, "redaction would be cumbersome and largely impractical." *In re Grand Jury Subpoenas Dated Mar. 2, 2015*, No. 15-MC-71 (VEC), 2016 WL 6126392, at *5 (S.D.N.Y. Oct. 19, 2016).

Accordingly, the motion to seal should be granted.

Respectfully submitted,

Laura D. Smolowe
*Attorney for Plaintiff Yipit*