UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIPIT, LLC d/b/a YipitData,<br><br>                Plaintiff,<br><br>        v.<br><br>ZACHARY EMMETT, ALEXANDER PINSKY, VALENTIN RODUIT, MICHAEL MARRALE, M SCIENCE LLC, and JOHN DOES 1-10,<br><br>                Defendants. | Case No. 1:24-cv-07854-JGK<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] STIPULATED JUDGMENT
AND PERMANENT INJUNCTION**

WHEREAS, on October 16, 2024, Plaintiff Yipit, LLC d/b/a YipitData ("Yipit") initiated the above-captioned action against Defendants Zachary Emmett and Alexander Pinsky, alleging, among other things, that Defendants Zachary Emmett and Alexander Pinsky misappropriated Yipit's confidential, proprietary, and trade-secret information;

WHEREAS, Mr. Pinsky and Yipit (collectively, and for purposes of this Judgment, the "Parties") have reached an agreement to resolve the above-captioned action, and as part of that agreement, have agreed to the Stipulated Judgment and Permanent Injunction set forth below (the "Judgment");

WHEREAS, the Parties' agreement to resolve the above-captioned action is conditioned upon entry by the Court of this Judgment;

IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND THE COURT HEREBY ORDERS, AS FOLLOWS:

1. Mr. Pinsky misappropriated Yipit's confidential, proprietary, and trade secret information and violated his Proprietary Information, Inventions and Non-Solicitation Agreement with Yipit;

2. Mr. Pinsky agreed to engage, and did engage, in a conspiracy to undermine Yipit's business; misappropriate Yipit's confidential, proprietary, and trade secret information; and use that information for the benefit of M Science, LLC;

3. Mr. Pinsky unlawfully solicited and acquired Yipit's confidential, proprietary, and trade secret information from Mr. Emmett; disseminated that information to numerous employees of M Science, LLC, including its then-CRO Valentin Roduit and CEO Michael Marrale; and used and shared that information for the benefit of M Science, LLC;

4. Mr. Pinsky intentionally and improperly facilitated Mr. Emmett's breach of his Proprietary Information, Inventions and Non-Solicitation Agreement with Yipit by soliciting Yipit's confidential, proprietary, and trade-secret information from Mr. Emmett;

5. Mr. Pinsky knowingly and repeatedly induced Mr. Emmett to breach his fiduciary duties to Yipit and substantially assisted Mr. Emmett's breach by, among other things, requesting Yipit's confidential, proprietary, and trade secret information from Mr. Emmett;

6. Judgment is entered for Plaintiff and against Mr. Pinsky on the First, Second, Third, Fourth, Sixth, and Ninth Causes of Action in Plaintiff's Second Amended Complaint (Dkt. No. 84);

7. The Court expressly determines that there is no just reason for delay and therefore directs the entry of final judgment against Mr. Pinsky and in favor of Plaintiff according to Federal Rule of Civil Procedure 54(b). All claims and defenses in the above-captioned action against Mr. Pinsky are hereby resolved by this Judgment;

8. Mr. Pinsky is:

a. Permanently enjoined from engaging in further misappropriation, dissemination, copying, and use of any of Yipit's proprietary, confidential, and/or trade secret information (including copies thereof) that he copied, saved, printed, remembers, or otherwise obtained from Yipit, including all copies of Yipit electronic files or information in his possession (including the files and information that Mr. Emmett sent to any of his personal accounts or provided to Mr. Pinsky or others) or memory;

b. Permanently enjoined from continuing to possess, and shall return to Yipit within two weeks of executing this Judgment, any and all of Yipit's proprietary, confidential, and/or trade secret information (including copies thereof) that were copied, saved, printed or otherwise obtained from Yipit, including all copies of Yipit electronic files or information in his possession (including the files and information that Mr. Emmett sent to any of his personal accounts or provided to Mr. Pinsky or to others);

c. Permanently enjoined from destroying, deleting, transferring, copying, or downloading any of Yipit's proprietary, confidential, and/or trade secret information in his custody or control, other than in accordance with Paragraph 8.f below;

3

d.     Required to provide, within two weeks of entry of this Judgment, a detailed list of any and all of Yipit's proprietary, confidential, and/or trade secret information currently or formerly in his custody or control, the locations where that information is or was stored, and any locations or persons to which/whom that information was transferred or shared;

e.     Required to produce for immediate inspection and full imaging to a nationally recognized third-party data forensics firm, his phone (which Mr. Pinsky represents is the only electronic device belonging to him, under his control, accessible by him, or operated by him, that currently contains or has ever contained or been used to view or access Yipit's confidential, proprietary, or trade secret information)[1] and to provide all then-existing passwords necessary to access and inspect all data stored on his phone and in his personal accounts, including but not limited to his email account(s), Facebook account, LinkedIn account, and any messaging, social media, or cloud accounts pursuant to the terms of the Parties' separately executed Collection and Remediation Protocol;

f.     Required to permit the permanent removal, deletion, and destruction of all copies of Yipit's electronic files or information transmitted to his phone or personal accounts or otherwise in his possession, subject to the supervision of Yipit, so as to preserve evidence of all such files or information, pursuant to the

---

[1] Pinsky's outside counsel shall be required to retain a preservation copy of this device for the later of five (5) years, or until such time as any litigation related to Mr. Pinsky's, Mr. Emmett's, M Science's, or M Science employees' and/or agents' misappropriation is resolved.

terms of the Parties' separately executed Collection and Remediation Protocol; and

g.   Permanently enjoined from working or consulting for M Science, LLC;[2]

9. Mr. Pinsky understands and agrees that the violation of the Judgment will expose him to all penalties provided by law;

10. Mr. Pinsky understands and agrees that the violation of the Judgment will constitute immediate and irreparable injury to Yipit and that Yipit shall have the right to enforce this Judgment and any of its provisions by injunction, specific performance or other equitable relief, without bond and without prejudice to any other rights and remedies that Yipit may have for a breach or threatened breach of this Judgment;

11. Mr. Pinsky irrevocably and fully waives any and all right to appeal the Judgment, to have it vacated or set aside, or otherwise to attack in any way, directly or collaterally, its validity or enforceability;

12. Mr. Pinsky consents to the continuing jurisdiction of the Court for purposes of enforcement of the Judgment;

13. The Court will maintain continuing jurisdiction over this action for purposes of enforcing the Judgment;

14. The Parties shall bear their own costs and attorneys' fees;

---

[2] Mr. Pinsky represents that the only business to whom he disclosed Yipit's confidential, proprietary, and trade secret information is M Science, LLC. The Parties agree, however, that if the inspection in 8(e) reveals disclosures to any other business(es), the provisions of 8(g) shall apply mutatis mutandis to those other business(es) as well.

15. This Judgment is not a judicial determination concerning the amount of Yipit's damages caused by the conduct alleged in the above-captioned action and has no preclusive or conclusive effect on the amount of Yipit's damages caused by that conduct; and

16. This Judgment does not in any way prejudice Yipit's ability to pursue legal action or obtain any available remedies, including damages, against any persons or entities other than Mr. Pinsky based on the conduct alleged in the above-captioned action.

SO STIPULATED AND AGREED.

_____   2/19/2025
Laura D. Smolowe             Date
Counsel for Yipit

_____   2/18/2025
Blaine Bortnick              Date
Counsel for Alexander Pinsky

IT IS SO ORDERED.

_____
**Judge John G. Koeltl**
**United States District Judge**

Copies furnished to:
All Counsel of Record

6