MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE 50TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

APPLICATION GRANTED
SO ORDERED

March 21, 2025

John G. Koeltl, U.S.D.J.

SO ORDERED

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: **Yipit, LLC d/b/a YipitData v. Emmett et al.; No. 1:24-cv-07854-JGK
Motion to Seal Documents**

Dear Judge Koeltl:

Yipit, LLC d/b/a YipitData respectfully submits this letter motion to seal Yipit's concurrently filed reply brief in support of its motion for a preliminary injunction against M Science LLC and Michael Marrale, the associated declarations of Jamie Melzer and Stephen Lento, and exhibits 1 and 2 to the declaration of Taylor Benninger.

These documents contain Yipit's highly confidential, competitively sensitive business information that, if publicly disclosed, could harm Yipit's competitive standing. In particular, the documents disclose (1) specific, competitively sensitive details about Yipit's products, pricing, and data sources, which would provide competitors with exploitable insights into Yipit's business practices of revealed publicly; and (2) the names and identifying information of several of Yipit's investor customers, whose identities must remain confidential in order to protect the customers' competitive interest in safeguarding the sources of their information.

Sealing is justified under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Yipit has a compelling interest in protecting its commercially sensitive and confidential business information, *see Standard Inv. Chartered v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009), and courts routinely grant motions to seal documents disclosing specific, confidential information about a business's customers, products, and pricing, *see, e.g., Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-4500 (GHW), 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021). Indeed, this Court has granted nearly identical requests to seal documents containing much of the same information underlying this motion. *See* Dkt. Nos. 65, 73, 96, 153.

Further, this motion to seal is narrowly tailored to preserve the public's interest in access to court records. Yipit has publicly filed a version of its reply brief that narrowly redacts only the portions that contain Yipit's highly confidential, competitively sensitive business information. *See, e.g., Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022) (granting motion to seal because "release of the information contained in the [document] could cause competitive harm to Defendants, and because the proposed redactions are narrowly tailored to protect only this sensitive business information"); *KeyBank Nat'l Assn. v. Element*

MUNGER, TOLLES & OLSON LLP

The Honorable John G. Koeltl
March 21, 2025
Page 2

*Transp. LLC*, No. 16-CV-8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where the movant "narrowly tailored their redactions, strictly limiting them to the portions of the [document] containing" confidential information). Yipit also requests to seal in their entirety the declarations of Jamie Melzer and Stephen Lento as well as exhibits 1 and 2 to the declaration of Taylor Benninger, because substantial portions of these documents contain Yipit's highly confidential, competitively sensitive business information. "Given the intertwining of public and non-public information in" these declarations and exhibits, "redaction would be cumbersome and largely impractical." *In re Grand Jury Subpoenas Dated Mar. 2, 2015*, No. 15-MC-71 (VEC), 2016 WL 6126392, at *5 (S.D.N.Y. Oct. 19, 2016).

Accordingly, the motion to seal should be granted.

Respectfully submitted,

Laura D. Smolowe
*Attorney for Plaintiff Yipit*