# Buchanan

**Andrew J. Shapren**
215 665 3853
Andrew.Shapren@bipc.com

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555

T 215 665 8700
F 215 665 8760

March 31, 2025

*Via ECF*

The Honorable John G. Koeltl
United States District Judge
500 Pearl St.
New York, NY 10007-1312

> Re:     *Yipit LLC v. Emmett et al; 1:24-cv-07854 (JGK)(RFT)*
>         **Request for Pre-motion Conference**

Dear Judge Koeltl:

    We represent Michael Marrale and M Science, LLC ("M Science") in the above matter.  We write pursuant to Section III.B. of the Court's Individual Practices to request a pre-motion conference in anticipation of filing a motion to dismiss the three claims pleaded against Mr. Marrale in Yipit's Second Amended Complaint.  Those claims are:  (1) Count 1, misappropriation under the Defend Trade Secrets Act ("DTSA"); (2) Count 2, New York common law misappropriation; and (3) Count 9, Conspiracy.  *See* Dkt. No. 84 (Second Amended Complaint).

## I.     Yipit's trade secret claims against Mr. Marrale are legally deficient.

    "To sustain a claim under the DTSA . . . a plaintiff must establish 'an unconsented disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty."  *Intrepid Fin. Partners, LLC v. Fernandez*, 2020 WL 7774478, at *2 (S.D.N.Y. Dec. 30, 2020) (dismissing DTSA claim because, among other reasons, there were not adequate allegations of use or disclosure) (citing *Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 510 (S.D.N.Y. 2017)).  "To state a claim for misappropriation of a trade secret under New York law, a plaintiff must plead, '(1) it possessed a trade secret, and (2) defendant is using that trade secret in breach of an agreement, confidence, or duty, or as a result of discovery by improper means.'"  *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 171 (E.D.N.Y. 2018) (quoting *Integrated Cash Mgmt. Servs., Inc. v. Digital Transactions, Inc.*, 920 F.2d 171, 173 (2d Cir. 1990)).  For both claims, "a plaintiff must plead facts with sufficient particularity to provide defendants 'fair notice of what the claim is and the grounds upon which it rests.'"  *Alexander Interactive, Inc. v. Leisure Pro Ltd.*, 2014 WL 4651942, at *5 (S.D.N.Y. Sept. 16, 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

    Yipit's primary fact allegation against Mr. Marrale is that he was a recipient of a single electronic message that stated that Yipit had contracted with a well-known, non-exclusive, industry

Hon. John G. Koeltl
March 31, 2005
Page - 2 –

data vendor - a vendor that M Science itself had previously used but had terminated its relationship with.  The message also listed the other publicly available data sources underlying Yipit's consumer package.  *See* Compl. ¶ 88.  Yipit makes no allegation whatsoever in the Complaint (nor could it) that Mr. Marrale used or disclosed any of the information in that message.

Industry vendor information that is publicly available or already known to the recipient cannot qualify as a protectible trade secret under the DTSA or New York common law.  Further, Yipit also has not adequately pled a misappropriation of its purported trade secrets by Mr. Marrale.  As discussed above, to properly plead a New York state misappropriation claim, Yipit must plead facts to show that Mr. Marrale *used* the alleged trade secret.  Yipit has pled no such facts nor any facts sufficient to even raise an inference that Mr. Marrale improperly used a trade secret.  Accordingly, the state law claim should be dismissed.

Some decisions of this Court have interpreted misappropriation under the DTSA (but not state law) to include "acquisition" of a trade secret. *See Opternative, Inc. v. JAND, Inc.*, No. 17 Civ. 6936 (JFK), 2019 BL 49565, at *7 (S.D.N.Y. Feb. 13, 2019) citing *Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, No. 15-CV-02177-SI, 2017 WL 1436044, at *4 (N.D. Cal. Apr. 24, 2017). However, none have found that facts such as those pled by Yipit can plausibly state a claim under the DTSA.  To the contrary, Mr. Marrale's passive receipt of information is not enough to support Yipit's claim that he is liable for misappropriation.  *See Bus. Sols. LLC v. Ganatra*, 2020 WL 1279209, at *6 (C.D. Cal. Jan. 22, 2020) ("[A] person *acquires* a trade secret when they actively seek to gain ownership or control of the trade secret, but not when they are merely a passive recipient.") (emphasis in original); *MicroStrategy Inc. v. Bus. Objects, S.A.*, 331 F. Supp. 2d 396, 417 (E.D. Va. 2004) ("Where the defendant did not utilize 'improper means' to acquire a trade secret, the fact that it possessed a trade secret will not alone constitute misappropriation.  Something more is required: disclosure or use.  For example, if the trade secret is revealed accidentally or is thrust upon the defendant, unsolicited, the defendant will not be liable for its mere possession of the trade secret.").

The only other non-conclusory allegation leveled against Mr. Marrale in Yipit's Complaint is the allegation that he asked Mr. Pinsky to ask Mr. Emmett about how Yipit packages some of its products.  *See* Compl. ¶ 105.  Even if true, the question itself cannot possibly give rise to liability since there is no allegation that Mr. Marrale ever received a response, let alone a response that included information which constitutes trade secrets under the law.

Similarly, Yipit's conclusory accusations that Mr. Marrale "conspired" to steal Yipit's information cannot push Yipit's claims against him past the pleadings stage.  *See Alexander Interactive, Inc.*, 2014 WL 4651942, at *5 ("Aside from general allegations that the Leisure Pro Individual Defendants 'conspired' to steal AI's intellectual property rights, the FAC also does not specify what improper means the Leisure Pro Individual Defendants took in obtaining the alleged trade secrets.  Without any factual basis to support them, the conclusory allegations in the FAC are not sufficient to state a claim of misappropriation of trade secrets.") (citing *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 451 (S.D.N.Y. 2012) ("Individual defendants, corporate or otherwise, are entitled to notice of the misappropriations for which [plaintiff] seeks to hold them liable.  The allegation of control by [the alleged misappropriator, Aghjayan] is insufficient.  [T]he wrongdoing of each defendant must be delineated and therefore the motion to dismiss the misappropriation of the trade secret claim is granted . . . .")).

Hon. John G. Koeltl
March 31, 2005
Page - 3 –

**II.**     **Yipit's conspiracy claim against Mr. Marrale is legally deficient**.

Because Yipit's "primary tort" claims against Mr. Marrale are legally insufficient, Yipit's conspiracy claim against him fails as a matter of law.  *See World Wrestling Fed'n Ent., Inc. v. Bozell*, 142 F. Supp. 2d 514, 532 (S.D.N.Y. 2001) (recognizing that "[a] conspiracy claim requires a "primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury.").

In addition, Yipit must offer more than just conclusory allegations and must plead specific facts of an agreement among the defendants to engage in the tortious conduct of misappropriating trade secrets. *Medtech Prods. v. Ranir, LLC*, 596 F. Supp. 2d 778, 794-95 (S.D.N.Y. 2008). *See also Fierro v. Gallucci*, No. 06-CV-5189 (JFB), 2008 U.S. Dist. LEXIS 38513, 2008 WL 2039545, at *16 (E.D.N.Y. May 12, 2008) ("[T]o survive a motion to dismiss, a complaint must contain more than general allegations in support of the conspiracy. Rather, it must allege the specific times, facts, and circumstances of the alleged conspiracy.") (internal quotation marks omitted).  Yipit's Complaint pleads no specific facts establishing that Mr. Marrale entered into an agreement with any other defendant to misappropriate trade secrets.  For these reasons, Yipit's conspiracy claim against Mr. Marrale should be dismissed as well.

Respectfully submitted,

Andrew J. Shapren