UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIPIT, LLC d/b/a YIPITDATA,<br><br>                Plaintiff,<br><br>        -against-<br><br>ZACHARY EMMETT, ALEXANDER PINSKY, VALENTIN RODUIT, MICHAEL MARRALE; M SCIENCE LLC, AND JOHN DOES 1-10,<br><br>                Defendants. | Case No. 1:24-cv-07854-JGK<br><br><br>**ANSWER TO THE SECOND <u>AMENDED COMPLAINT</u>** |

Pursuant to Fed. R. Civ. P. 7(a)(2) and 8(b), Defendant Valentin Roduit ("Roduit"), by his undersigned attorneys, hereby answers the allegations in Plaintiff's Second Amended Complaint (Dkt. No. 84, the "Complaint"), as follows:

**<u>SPECIFIC RESPONSES TO NUMBERED PARAGRAPHS</u>**[1]

1.      Paragraph 1 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 1.

2.      Paragraph 2 contains legal conclusions and arguments, or allegations that concern other parties, to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 2 that pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except he admits that defendant M Science LLC ("M Science") hired

---

[1] The headings in the Complaint are not allegations and therefore do not require a response. To the extent a response is required, Mr. Roduit denies the allegations contained in the headings in the Complaint.

defendant Zachary Emmett ("Emmet") in the spring of 2024 and that Emmett started at M Science in or around June 2024.

3.      Paragraph 3 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Roduit denies the allegations in paragraph 3 that pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, except he admits that he requested defendant Alexander Pinsky ("Pinsky") bring Emmett in for an interview with M Science and subsequently interviewed Emmett in March 2024.

4.      Paragraph 4 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, except he admits that Emmett worked for Yipit prior to joining M Science.

5.      Paragraph 5 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Roduit denies the allegations in the second and fourth sentences of paragraph 5, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, except admits that—during the relevant period—he was M Science's CRO, Michael Marrale ("Marrale") was M Science's CEO, Sante Faustini ("Faustini) was M Science's VP of Product Intelligence, and Aaron Fuchs ("Fuchs") was M Science's Sales Executive who previously worked at Yipit.

6.      Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, except he admits that Emmett worked for Yipit prior to joining M Science.

7.      Paragraph 7 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except he admits that Emmett worked for Yipit and accepted an offer to work for M Science.

8.      Paragraph 8 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, except he admits that one day—during the week of June 24, 2024— he briefly took Mr. Emmett's phone and walked away.

10.     Paragraph 10 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 10 that pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, except admits that— during the relevant period—he, Pinsky, Fuchs, Shelby Yoshida ("Yoshida"), Natalie Green, and Stephanie von der Luft, were employees of M Science, and admits that Emmett once messaged Roduit about the identity of a Yipit customer and once messaged Roduit information about a Yipit product.

11.     Paragraph 11 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Paragraph 12 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in

paragraph 12 that pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Paragraph 13 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13, and denies the allegations in the second sentence of paragraph 13.

14.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Roduit admits the allegations in paragraph 17.

18.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Paragraph 21 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.    Paragraph 22 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.    Paragraph 23 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.    Paragraph 24 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.    Paragraph 25 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.    Paragraph 26 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.    Paragraph 27 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.    Paragraph 28 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.    Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Paragraph 32 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Paragraph 33 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, except he denies that the names of actual and prospective Yipit customers and their contact information are not generally known to or readily ascertainable by individuals who do not work at Yipit.

34.     Paragraph 34 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Paragraph 35 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Paragraph 36 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Paragraph 37 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Roduit admits the allegations in paragraph 38.

39.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     Paragraph 41 purports to characterize a document, and Roduit respectfully refers the Court to the document for a complete and accurate recitation of its contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     Paragraph 42 purports to characterize a document, and Roduit respectfully refers the Court to the document for a complete and accurate recitation of its contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     Paragraph 43 purports to characterize a document, and Roduit respectfully refers the Court to the document for a complete and accurate recitation of its contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     Paragraph 44 purports to characterize a document, and Roduit respectfully refers the Court to the document for a complete and accurate recitation of its contents.  To

the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     Paragraph 45 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.     Roduit admits the allegations in paragraph 47, except he lacks knowledge or information sufficient to form a belief as to the truth of the time periods identified in paragraph 47.

48.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, except he admits that Emmett worked for Yipit prior to joining M Science.

49.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, except he admits that Emmett accepted a role with M Science.

50.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Paragraph 51 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in the first sentence of paragraph 51, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51.

52.     Paragraph 52 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 52 that pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.     Paragraph 53 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 53 that pertain to him, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, except he admits that Roduit was the CRO and Marrale was the CEO during the relevant period.

54.     Paragraph 54 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Paragraph 55 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 55.

56.     Paragraph 56 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 56 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     Paragraph 57 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 57.

58.     Paragraph 58 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit admits that M Science, through Pinsky, began to recruit Emmett in or around March 2024, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     Paragraph 59 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 59 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit denies the allegations in paragraph 59, except he admits that he exchanged text messages with Mr. Pinsky on March 13, and admits that he was M Science's CRO at the time.

60.     Paragraph 60 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit admits that he exchanged text message with Pinsky on March 13, 2024, and refers the Court to those messages for their contents.  To the extent any further response is required, Roduit lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 60.

61.    Paragraph 61 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 61 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit denies them, except he admits that he exchanged text messages with Pinsky on March 13, 2024, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.    Paragraph 62 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 62 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit admits that he exchanged text messages with Pinksy on March 13, 2024.

63.    Roduit admits the allegations in the first sentence of paragraph 63.  Roduit denies the allegations in the second sentence of paragraph 63.

64.    Paragraph 64 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit admits that he spoke with Emmett once in March 2024 and met with Emmett once in April 2024, denies the allegations in the fifth, sixth, and seventh sentences, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.    Paragraph 65 and its corresponding footnote contain legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 65 and its corresponding footnote purport to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate

recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66. Paragraph 66 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, except admits that M Science provided Emmett with a job offer in or around April 2024.

67. Paragraph 67 and its corresponding footnote contain legal conclusions and arguments to which no response is required. To the extent a response is required, paragraph 67 purports to characterize documents, and Roduit respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. Paragraph 68 contains legal conclusions and arguments to which no response is required. To the extent a response is required, paragraph 68 purports to characterize documents, and Roduit respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69. Paragraph 69 contains legal conclusions and arguments to which no response is required. To the extent a response is required, paragraph 69 purports to characterize documents, and Roduit respectfully refers the Court to those documents for a

complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.    Paragraph 70 contains legal conclusions and arguments to which no response is required. To the extent a response is required, paragraph 70 purports to characterize documents, and Roduit respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.    Paragraph 71 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.    Paragraph 72 contains legal conclusions and arguments to which no response is required. To the extent a response is required, paragraph 72 purports to characterize writings, and Roduit respectfully refers the Court to those writings for a complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.    Paragraph 73 contains legal conclusions and arguments to which no response is required. To the extent a response is required, paragraph 73 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 73, except he admits that Emmett received a job offer from M Science in or around April 2024.

74.    Paragraph 74 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 74 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    Paragraph 75 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.    Paragraph 76 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.    Paragraph 77 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, except admits that—during the relevant period—Pinsky was M Science's VP of Sales and Fuchs was an M Science sales executive.

78.    Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, except he admits that Pinsky was an M Science executive during the relevant period.

79.    Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.    Paragraph 80 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 80 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.    Paragraph 81 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 81 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.    Paragraph 82 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 82 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit denies the allegations in paragraph 82 that pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.    Paragraph 83 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 83 purports to

characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.    Paragraph 84 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 84 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit denies that he requested Pinsky to solicit Yipit information from Emmett, admits that he and Pinsky exchanged text messages on March 13, 2024, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.    Paragraph 85 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit admits that he and Pinsky exchanged text messages on or about May 28, 2024, admits that Yoshida was M Science's Director of New Business at the time, denies requesting Yipit's confidential information from Pinsky, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 85.

86.    Paragraph 86 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit admits that he and Pinsky exchanged text messages on or about May 31, 2024, denies requesting Yipit's

confidential information from Pinsky, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 86.

87.    Paragraph 87 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit admits that he and Pinsky exchanged text messages on or about June 4, 2024, denies requesting Yipit's confidential information from Pinsky, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 87.

88.    Paragraph 88 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 88 purports to characterize Bloomberg messages, and Roduit respectfully refers the Court to those messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit admits that he, Marrale, and Pinsky were M Science employees at the time, and Faustini was M Science's VP of Product Intelligence, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.    Paragraph 89 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 89 that pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.     Paragraph 91 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 91 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     Paragraph 92 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, except he admits that Emmett accepted a job offer with M Science.

93.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, except admits that Emmett accepted his offer from M Science in or around May 2024.

94.     Paragraph 94 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.     Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, except admits that Emmett accepted a position with M Science.

96.    Paragraph 96 and its corresponding footnote purport to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and its corresponding footnote.

97.    Paragraph 97 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.    Paragraph 98 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 98 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.    Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    Paragraph 100 purports to characterize messages, and Roduit respectfully refers the Court to those messages for a complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.    Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, except admits that Emmett's first day at M Science was in or around June 2024.

102.    Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.

103.    Paragraph 103 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.

104.    Paragraph 104 purports to characterize various writings, and Roduit respectfully refers the Court to those writings for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105.    Paragraph 105 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit admits that Emmett started at M Science in or around June 2024, and denies the allegations in the second sentence of paragraph 105.  The third sentence of paragraph 105 purports to characterize a declaration filed in this matter by Pinsky, and Roduit respectfully refers the Court to that declaration for a complete and accurate recitation of its contents.

106.    Paragraph 106 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 106 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is

required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

107. Paragraph 107 contains legal conclusions and arguments to which no response is required. To the extent a response is required, paragraph 107 purports to characterize messages, and Roduit respectfully refers the Court to those messages for a complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, except admits that Emmett's first day at M Science was in or around June 2024, Yoshida was M Science's Director of New Business at the time, and Natalie Green was an M Science sales executive.

108. Paragraph 108 contains legal conclusions and arguments to which no response is required. To the extent a response is required, paragraph 108 purports to characterize messages, and Roduit respectfully refers the Court to those messages for a complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109. Paragraph 109 contains legal conclusions and arguments to which no response is required. To the extent a response is required, paragraph 109 purports to characterize messages, and Roduit respectfully refers the Court to those messages for a complete and accurate recitation of their contents. To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, except admits that he was M Science's CRO during the relevant period.

110.    Paragraph 110 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 110 purports to characterize messages, and Roduit respectfully refers the Court to those messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Paragraph 111 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, except he denies requesting from Emmett any of "Yipit's confidential information and trade secrets," denies the allegations in the sixth sentence of paragraph 11,  admits that—at some point—he learned that Emmett possessed a "customer list" related to his time at Yipit, and admits that—at some point during the week of June 24, 2024—he briefly took Emmett's phone.

112.    Paragraph 112 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 112 purports to characterize messages, and Roduit respectfully refers the Court to those messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit denies requesting from Emmett any of "Yipit's trade secret and confidential information," lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112(a), (b), (d), and (e), and admits that he exchanged messages with Emmett and others on or about June 21, 2024 and July 8, 2024.

113.    Roduit denies the allegations in paragraph 113 that pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.    Paragraph 114 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

115.    Paragraph 115 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, except he denies that he knew when Yipit's customers' "contracts were set to renew."

116.    Paragraph 116 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 116 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117.    Paragraph 117 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 117 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, denies the allegations in paragraph 117 that pertain to him, except he admits that he exchanged text messages with Pinsky in March 2024.  Roduit lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117.

118.    Paragraph 118 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.    Paragraph 119 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, paragraph 119 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.    Paragraph 120 purports to characterize text messages, and Roduit respectfully refers the Court to those text messages for a complete and accurate recitation of their contents.  To the extent a further response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, except admits that Faustini was M Science's VP of Product Intelligence during the relevant period.

121.    Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, except admits that Emmett started at M Science in or around June 2024, and admits that Yoshida was M Science's Director of New Business during the relevant period.

122.    Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.    Paragraph 123 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.    Paragraph 124 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.    Paragraph 125 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

126.    Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 and its corresponding footnote, except admits that Emmett was working at M Science in early July 2024.

127.    Paragraph 127 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127, except admits that Yipit contacted M Science about Emmett in or around July 2024.

128.    Paragraph 128 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129.    Paragraph 129 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129, except admits that Yipit contacted M Science about Emmett in or around July 2024, and M

Science's external counsel subsequently conducted a forensic imaging of Roduit's phone and interview of Roduit.

130.    Paragraph 130 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, except admits that M Science investigated Yipit's allegations concerning Emmett, and M Science's external counsel subsequently conducted a forensic imaging of Roduit's phone and interview of Roduit.

131.    Paragraph 131 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131, except admits that M Science provided Yipit with information that M Science discovered during its investigation of Yipit's allegations concerning Emmett.

132.    Paragraph 132 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132, except admits that M Science imaged and searched his phone as part of its investigation of Yipit's allegations concerning Emmett.

133.    Paragraph 133 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133, except admits that M Science has hired Yipit's former employees, including Pinsky and Fuchs.

134.    Paragraph 134 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, except he admits that M Science has hired Yipit's former employees, including Hanna Man and John Foo.

135.    Paragraph 135 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

136.    Paragraph 136 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit admits that he obtained a new position with another firm in the alternative data industry, denies the remaining allegations in the third and fourth sentences of paragraph 136, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.    Paragraph 137 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

## COUNT 1:

## VIOLATION OF THE DEFEND TRADE SECRETS ACT
(18 U.S.C. § 1836 et. seq.)

(All Defendants)

138.    Roduit repeats and incorporates his responses to paragraphs 1 through 137 as if set forth fully herein.

139.    Paragraph 139 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 139.

140.    Paragraph 140 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 140.

141.    Paragraph 141 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 141.

142.    Paragraph 142 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 142.

143.    Paragraph 143 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 143.

144.    Paragraph 144 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 144.

145.    Paragraph 145 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 145.

146.    Paragraph 146 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146.

147.    Paragraph 147 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 147.

148.    Paragraph 148 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 148.

149.    Paragraph 149 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 149.

150.    Paragraph 150 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 150.

151.    Paragraph 151 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 151.

**COUNT 2:**

**MISAPPROPRIATION OF TRADE SECRETS**
(New York Common Law)

(All Defendants)

152.    Roduit repeats and incorporates his responses to paragraphs 1 through 137 as if set forth fully herein.

153.    Paragraph 153 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 153.

154.    Paragraph 154 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 154.

155.    Paragraph 155 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155.

156.    Paragraph 156 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156.

157.    Paragraph 157 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157.

158.    Paragraph 158 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158.

159.    Paragraph 159 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 159.

160.    Paragraph 160 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

161.    Paragraph 161 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.    Paragraph 162 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 162.

163.    Paragraph 163 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163.

164.    Paragraph 164 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164.

165.    Paragraph 165 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 165.

166.    Paragraph 166 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 166.

167.    Paragraph 167 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 167.

## COUNT 3:

## BREACH OF CONTRACT

(Zachary Emmett & Alexander Pinksy)

168.    Roduit repeats and incorporates his responses to paragraphs 1 through 137 as if set forth fully herein.  As this Cause of Action is not against Roduit, no response is required thereto including paragraphs 169 through 179 thereof.

## COUNT 4:

## TORTIOUS INTERFERENCE WITH CONTRACT

(Alexander Pinksy & M Science)

180.    Roduit repeats and incorporates his responses to paragraphs 1 through 137 as if set forth fully herein.  As this Cause of Action is not against Roduit, no response is required thereto including paragraphs 181 through 191 thereof.

## COUNT 5:

## BREACH OF FIDUCIARY DUTY

(Zachary Emmett)

192.    Roduit repeats and incorporates his responses to paragraphs 1 through 137 as if set forth fully herein.  As this Cause of Action is not against Roduit, no response is required thereto including paragraphs 193 through 198 thereof.

## COUNT 6:

## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

(Alexander Pinsky, M Science, & John Does 1-10)

199.    Roduit repeats and incorporates his responses to paragraphs 1 through 137 as if set forth fully herein.  As this Cause of Action is not against Roduit, no response is required thereto including paragraphs 200 through 207 thereof.

## COUNT 7:

## FAITHLESS SERVANT

(Zachary Emmett)

208.    Roduit repeats and incorporates his responses to paragraphs 1 through 137 as if set forth fully herein.  As this Cause of Action is not against Roduit, no response is required thereto including paragraphs 209 through 214 thereof.

## COUNT 8:

## CONVERSION

(Zachary Emmett)

215.    Roduit repeats and incorporates his responses to paragraphs 1 through 137 as if set forth fully herein.  As this Cause of Action is not against Roduit, no response is required thereto including paragraphs 216 through 221 thereof.

## COUNT 9:

## CONSPIRACY

(All Defendants)

222.    Roduit repeats and incorporates his responses to paragraphs 1 through 137 as if set forth fully herein.

223.    Paragraph 223 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223.

224.    Paragraph 224 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224.

225.    Paragraph 225 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 225.

226.    Paragraph 226 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226.

227.    Paragraph 227 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227.

228.    Paragraph 228 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 228 that pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228.

229.    Paragraph 229 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 229 that pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229.

230.    Paragraph 230 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 230 to the extent they pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230.

231.    Paragraph 231 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 231 to the extent they pertain to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231.

232.    Paragraph 232 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Roduit denies the allegations in paragraph 232.

## RESPONSE TO PRAYER FOR RELIEF

Roduit denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), without assuming the burden of proof where such burden properly rests with Plaintiff and without waiving, and hereby expressly reserving, the right to assert any and all such defenses at such time and to such extent as discovery and factual or legal developments may establish a basis therefore, Roduit hereby asserts, as and for separate and additional defenses to the Complaint, the following affirmative defenses:

## First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, acquiescence, and/or unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable action to mitigate any alleged injuries and damages, if any, suffered as a result of the conduct alleged in the Complaint; in any event, any damages sustained by Plaintiff are *de minimis*, remote, speculative, and/or transient, and hence, not cognizable at law.

### Fourth Affirmative Defense

Plaintiff's damages, if any, are the proximate result of independent, intervening, or superseding causes, including without limitation, the conduct of Plaintiff or others, for which or for whom Roduit was not and is not responsible. Therefore, Plaintiff's damages, if any, are unrelated to Roduit's conduct and the Court must reduce or deny any judgment rendered against Roduit accordingly.

### Fifth Affirmative Defense

Plaintiff's causes of action for misappropriation are barred, in part or in whole, because it has no trade secrets and/or proprietary information to protect.

### Sixth Affirmative Defense

To the extent that the purported information at issue constitutes trade secrets, which is denied, such information was in the public domain or available from other sources at the time it was received, transmitted, and/or used.

**Seventh Affirmative Defense**

To the extent that the purported information at issue constitutes trade secrets, which is denied, Plaintiff failed to make proper efforts to keep such information secret.

Dated: March 31, 2025

KASOWITZ BENSON TORRES LLP

By: */s/ Christian T. Becker*
    Christian T. Becker
    CBecker@kasowitz.com
    Maxwell Sandgrund (*Pro Hac Vice*)
    MSandgrund@kasowitz.com
    1633 Broadway
    New York, New York 10019
    Tel.: (212) 506-1700

    *Attorneys for Defendant Valentin Roduit*