

**Blaine Bortnick**
**305.476.7104 (Direct)**
**646.970.4770 (Main)**
**305.675.7944 (Direct Facsimile)**
**bbortnick@rascoklock.com**

April 15, 2025

<u>BY E-FILING</u>
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

   Re: *Yipit, LLC v. Emmett et al.*
      <u>Case No. 24 Civ. 07854 (JGK)</u>

Dear Judge Koeltl:

  We represent Defendant Alexander Pinsky in the above-referenced matter. We write pursuant to Section II.B of the Court's Individual Practices to request a pre-motion conference in anticipation of Mr. Pinsky filing a motion to approve the previously-submitted Stipulated Judgment and Permanent Injunction.

  On February 19, 2025, Yipit LLC ("Yipit") filed a Proposed Stipulated Judgment and Permanent Injunction fully resolving the litigation between Yipit and Mr. Pinsky. The document was part of a settlement agreement between Yipit and Mr. Pinsky facilitated through mediation before Magistrate Judge Robyn Tarnofsky on January 8, 2025. Unfortunately, Yipit intentionally held up finalizing the settlement to add new parties to the matter, telling the Court on January 16, 2025, "Yipit expects that, ***once its second amended complaint is on file*** [*i.e.* adding M Science, Michael Marrale, and Valentin Roduit as new defendants (the "New Defendants")], it will quickly finalize its settlements with Emmett and Pinsky." (Dkt. No. 79 at 2 (emphasis added)).

  Due to the New Defendants, the Court convened a telephonic conference on February 25, 2025, raising concerns with respect to the Court making findings in the Proposed Stipulated Judgment and Permanent Injunction that may affect the New Defendants. As a result, the Court denied the requested stipulated judgment without prejudice.

  Since that conference, Pinsky has proposed numerous ways to Yipit that the stipulated judgment can be reformulated to address the Court's concerns as well as any concerns from other parties. Pinsky's counsel believed that the parties were all but finished. However, yesterday, Yipit's counsel abruptly ended discussions and stated that it would restart the litigation against Mr. Pinsky.

The Honorable John G. Koeltl                -2-                                April 15, 2025

There was agreement regarding the prior Proposed Stipulated Judgment and Permanent Injunction, and we have since reviewed the law regarding such stipulated judgments. We believe that the law both moots the Court's concerns and supports our position that, in this instance, the Court has a limited role. The Second Circuit has elaborated on two types of settlement judgments.

> Where a settled lawsuit results in a judgment, the court enters either a consent judgment or what might be called a "settlement judgment." With a true "consent judgment" all of the relief to be provided by the judgment and all of the wording to effectuate that relief is agreed to by the parties. The Court makes no determination of the merits of the controversy or of the relief to be awarded. With a "settlement judgment" the parties have agreed on the components of a judgment, including the basic aspects of relief, but have not agreed on all the details or the wording of the judgment. The components of the agreement are usually reported to the Court on the record. As with a consent judgment, the judge makes no determination of the merits of the controversy.
>
> ***
>
> In deciding whether to approve agreements calling for entry of either a consent judgment or a settlement judgment, a court normally has only a limited role so long as the dispute affects only private interests. *See United States v. City of Miami, 614 F.2d 1322, 1330 (5th Cir. 1980)*. Though the judge does not "merely sign on the line," *United States v. City of Miami, 664 F.2d 435, 440* (5th Cir. 1981), he or she normally makes only the minimal determination of whether the agreement is appropriate to be accorded the status of a judicially enforceable decree. The court has a larger role, however, where a consent judgment or a settlement judgment resolves class actions, shareholder derivative suits, bankruptcy claims, antitrust suits brought by the United States, *15 U.S.C. § 16(e) (1982)*, and any suits "affecting the public interest," *Adams v. Bell, 228 U.S. App. D.C. 375, 711 F.2d 161, 170 n.40* (D.C. Cir. 1983) (in banc) (collecting cases), *cert. denied*, 465 U.S. 1021, 79 L. Ed. 2d 678, 104 S. Ct. 1272 (1984). In such cases, the court must be satisfied of the fairness of the settlement. In some situations where the parties' agreement covers only part of the dispute, the court goes even further and adjudicates on the merits the portion that has been specifically left for its determination. *See, e.g., High v. Braniff Airways, Inc., 592 F.2d 1330, 1334-3* (5th Cir. 1979); *Pettway v. American Cast Iron Pipe Co., supra, 576 F.2d at 1168-75*.

*Janus Films, Inc. v. Miller*, 801 F.2d 578, 582 (2d Cir. 1986). *See also United States v. IBM*, 163 F.3d 737, 740 (1998) (citing *Janus Films* and noting that it applies except in "[among other things]

The Honorable John G. Koeltl                 -3-                              April 15, 2025

antitrust suits brought by the United States" which is not relevant here). Here, while the document Plaintiff submitted contains the title "stipulated judgment," it is actually a "consent judgment" because the parties had agreed upon "all of the wording to effectuate that relief." *Janus Films*, 801 F.2d at 582. Regardless, the distinction between "consent judgments" and "stipulated judgments" is actually irrelevant here as, in either case, "the judge makes no determination of the merits of the controversy." *Id*.

Because the proposed consent judgment contains no determination of the merits by the Court, it does not have any binding effect on any other parties. Indeed, as the Court stated in *United States v. Miami*, 664 F.2d 435, 436 (5th Cir. 1981) (cited by the Second Circuit in *Janus Films*), "because a part of the decree, entered without a trial, affects the rights of an objecting party, we limit its effect as to that party and remand for trial of the complaint insofar as a remedy is sought against that party." *Id.* at 436. In other words, any objection by M Science that it would be adversely affected by the Proposed Stipulated Judgment and Permanent Injunction is obviated by the law that makes it clear that the relief against Mr. Pinsky is limited solely as to him, and that nothing is being determined (or has any preclusive effect) with respect to M Science or any other defendant.

Therefore, Pinsky respectfully requests a pre-motion conference to set a briefing schedule for a motion to have the Court approve the previously-submitted Stipulated Judgment and Permanent Injunction.

Respectfully submitted,

RASCO KLOCK PEREZ & NIETO, LLC

By:_____
Blaine Bortnick

cc:     Counsel of Record (by ECF)