Akin Gump Strauss Hauer & Feld LLP
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067

T  +1 310.229.1000
F  +1 310.229.1001
akingump.com

# Akin

Laura Danielle Smolowe
+1 310.229.1040/fax: +1 310.229.1001
lsmolowe@akingump.com

April 14, 2025

**APPLICATION GRANTED
SO ORDERED**

4/16/25

John G. Koeltl, U.S.D.J.

**VIA ECF**

The Honorable John G. Koeltl
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Yipit, LLC d/b/a YipitData v. Emmett et al.*, 1:24-cv-07854 (JGK) (RFT) – Motion to Seal Document

Dear Judge Koeltl:

We represent plaintiff Yipit, LLC d/b/a YipitData ("Yipit") in the above-captioned. Yipit respectfully submits this letter motion to seal Yipit's concurrently filed Response to M Science's Motion for Leave to File a Sur-Reply.

This filing contains Yipit's highly confidential, competitively sensitive business information that, if publicly disclosed, could harm Yipit's competitive standing. In particular, the document discloses the name and identifying information of one of Yipit's investor customers, whose identity must remain confidential in order to protect the customer's competitive interest in safeguarding the sources of their information. *See* Dkt. No. 161.

Sealing is justified under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Yipit has a compelling interest in protecting its commercially sensitive and confidential business information, *see Standard Inv. Chartered v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009), and courts routinely grant motions to seal documents disclosing specific, confidential information about a business's customers, products, and pricing, *see, e.g., Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-4500 (GHW), 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021). Indeed, this Court has granted nearly identical requests to seal documents containing much of the same information underlying this motion. *See* Dkt. Nos. 65, 73, 96, 153, 171.

Further, this motion to seal is narrowly tailored to preserve the public's interest in access to court records. Yipit has publicly filed a version of its response that narrowly redacts only the

# Akin

The Honorable John G. Koeltl
April 14, 2025
Page 2

portions that contain Yipit's highly confidential, competitively sensitive business information. *See, e.g., Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022) (granting motion to seal because "release of the information contained in the [document] could cause competitive harm to Defendants, and because the proposed redactions are narrowly tailored to protect only this sensitive business information"); *KeyBank Nat'l Assn. v. Element Transp. LLC*, No. 16-CV-8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where the movant "narrowly tailored their redactions, strictly limiting them to the portions of the [document] containing" confidential information).

Accordingly, the motion to seal should be granted.

Respectfully submitted,

Laura D. Smolowe
*Attorney for Plaintiff Yipit*