Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T +1 212.872.1000
F +1 212.872.1002
akingump.com

**Akin**

Kaitlyn A. Tongalson
+1 212.872.8106/fax: +1 212.872.1002
ktongalson@akingump.com

April 21, 2025

**VIA ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**APPLICATION GRANTED**
**SO ORDERED**

4/23/25

John G. Koeltl, U.S.D.J.

Re: *Yipit, LLC d/b/a YipitData v. Emmett et al.*, 1:24-cv-07854 (JGK) (RFT)
**Motion to Seal Documents**

Dear John G. Koeltl:

Yipit, LLC d/b/a YipitData respectfully submits this letter motion to seal: (1) Yipit's Response to M Science's Sur-Reply; (2) Yipit's concurrently filed declarations of Paul Pasquale, Mary Katherine Kelley, Shangjun Li (Andy Li), Daniel Zellar, and Justin Harkness; (3) Exhibit 1 to the Declaration of Shangjun Li (Andy Li); and (4) Exhibits 1-4 to the Declaration of Paul Pasquale.

These documents contain Yipit's highly confidential, competitively sensitive business information that, if publicly disclosed, could harm Yipit's competitive standing. In particular, the documents disclose (1) specific, competitively sensitive details about Yipit's products, pricing, and data sources, which would provide competitors with exploitable insights into Yipit's business practices if revealed publicly; and (2) the names and identifying information of several of Yipit's investor customers, whose identities must remain confidential to protect the customers' competitive interests in safeguarding the sources of their information.

Sealing is justified under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Yipit has a compelling interest in protecting its commercially sensitive and confidential business information, and courts routinely grant motions to seal documents disclosing specific, confidential information about a business's customers, products, pricing, and negotiations tactics. *See, e.g., Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021); *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 443644, at *2-3 (S.D.N.Y. Feb. 14, 2022) (upholding sealing where company's negotiation tactics would be subject to scrutiny); *Standard Inv. Chartered, Inc. v.*

# Akin

The Honorable John G. Koeltl
April 21, 2025
Page 2

*Financial Industry Regulatory Authority, Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding sealing based upon company's contention that "an outsider with knowledge of the final terms of the [parties' deal] could ... use that information to deduce [company's] negotiation tactics"). Indeed, this Court has granted nearly identical requests to seal documents containing much of the same information underlying this motion. *See* Dkt. Nos. 65, 73, 96, 153, 171, 196.

Further, this motion to seal is narrowly tailored to preserve the public's interest in access to court records. Yipit has publicly filed a version of its Sur-Reply response brief and supporting declarations of Paul Pasquale, Daniel Zellar, Mary Katherine Kelley, Shangjun Li (Andy Li), and Justin Harkness that narrowly redact only the portions that contain Yipit's highly confidential, competitively sensitive business information. *See, e.g., Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022) (granting motion to seal because "release of the information contained in the [document] could cause competitive harm to Defendants, and because the proposed redactions are narrowly tailored to protect only this sensitive business information"); *KeyBank Nat'l Assn. v. Element Transp. LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where the movant "narrowly tailored [its] redactions, strictly limiting them to the portion of the [document] containing [confidential] information").

Yipit also requests to seal in their entirety the exhibits to the declarations of Shangjun Li (Andy Li) and Paul Pasquale because substantial portions of these documents contain Yipit's highly confidential, competitively sensitive business information. "Given the intertwining of public and non-public information" in these exhibits, "redaction would be cumbersome and largely impractical." *In re Grand Jury Subpoenas Dated Mar. 2, 2015*, 2016 WL 6126392, at *5 (S.D.N.Y. Oct. 19, 2016).

Respectfully submitted,

*/s/ Kaitlyn A. Tongalson*
Kaitlyn A. Tongalson

*Attorney for Plaintiff Yipit*

cc: All Counsel (*via ECF*)