Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T  +1 212.872.1000
F  +1 212.872.1002
akingump.com



**Kaitlyn A. Tongalson**
+1 212.872.8106/fax: +1 212.872.1002
ktongalson@akingump.com

April 29, 2025

**VIA ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  **Application to Close Court Hearing Scheduled for May 7, 2025**
     ***Yipit, LLC d/b/a YipitData v. Emmett et al.*, 1:24-cv-07854 (JGK) (RFT)**

Dear Judge Koeltl:

      We represent Plaintiff Yipit, LLC d/b/a YipitData ("Yipit") in the above-referenced action. Yipit respectfully requests that the Court close the courtroom for the oral argument and pre-motion conferences scheduled for Wednesday, May 7, 2025, at 11:00 a.m. (the "May 7 Hearing"). The May 7 Hearing is currently set to address: (i) Yipit's request for a preliminary injunction against Defendants M Science and Michael Marrale; (ii) a pre-motion conference in anticipation of motions to dismiss to be filed by Defendants M Science and Michael Marrale; and (iii) a pre-motion conference in anticipation of a motion to dismiss by Defendant Alexander Pinsky, as well as Pinsky's motion to approve the previously-submitted Stipulated Judgment and Permanent Injunction. Because the substantive issues raised in both the preliminary injunction requests and motions to dismiss are interrelated, and because both matters involve extensive references to Yipit's highly confidential and trade secret information, Yipit respectfully requests that the Court seal the May 7 Hearing in its entirety.

      During the May 7 Hearing, Yipit expects argument and references to exhibits referring to highly confidential and competitively sensitive information concerning Yipit's business operations, including proprietary details regarding Yipit's products, pricing models, data sources, and the identities and contractual terms of Yipit's investor customers.  Due to the trade secret, confidential, and competitively sensitive nature of this material, Yipit requests the Court close the courtroom and limit attendance at the hearing to Court personnel, parties and their respective counsel, including in-house counsel. Yipit has corresponded with the Defendants whose motions will be heard, who take no position on the courtroom sealing request other than disagreeing with Yipit's position that the information that the parties may reference during the May 7 Hearing constitutes trade secrets.



The Honorable John G. Koeltl
April 29, 2025
Page 2

      While there is a general presumption of public access to judicial proceedings provided for under the First Amendment and common law, this presumption may be overcome where, as here, proceedings would risk the disclosure of protected trade secrets and other confidential commercial information. *See Richards v. Kallish*, 2023 WL 6276684, at *3 (S.D.N.Y. Sept. 26, 2023) ("[a]lthough the presumption of public access attache[s] to all judicial documents . . . the protection of trade secrets is a value that may be sufficient to defeat [that] presumption."); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016) (noting trade secrets as a circumstance favoring secrecy).

      Courts recognize that the disclosure of competitively sensitive business information provides limited public benefit and justifies courtroom closure. *See News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (granting an order stating that "[d]isclosure of … competitively sensitive financial information *provides no specific benefit to the public*, including competitors. The competitive disadvantages … if such information were disclosed outweighs the general public interest in disclosure.") (emphasis added); *Woven Elecs. Corp. v. Advance Grp., Inc.,* 930 F.2d 913, 1991 WL 54118, at *6-7 (4th Cir. 1991) (holding the district court erred in denying motion to close the courtroom to prevent disclosure of trade secrets at trial).

      Even in the case of hearings, courts have recognized that parties' interests in confidentiality can outweigh the public's interest in access to hearings. *See, e.g.*, *BP Am. Prod. Co. v. Hamer*, 2019 WL 7049990, at *2 (D. Colo. Dec. 23, 2019) (restricting access to preliminary injunction hearing pursuant to 18 U.S.C. § 1835 and stating that a plaintiff's "right to maintain the secrecy of its proprietary information outweighs the public's right to access judicial proceedings and related documents.") (citing *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 2019 WL 3753780 (E.D.N.Y. Aug. 8, 2019)). In particular, where trade secrets are at issue, 18 U.S.C. § 1835(a) authorizes the court to "enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." *See also* Fed. R. Civ. P. 26(c)(1)(G) (court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed").

      Here, Yipit's trade secrets and related confidential business information, including Yipit's proprietary product offerings, pricing strategies, data acquisition methods, and confidential customer relationships, are highly confidential information that Yipit does not publicly disclose. Yipit anticipates that the May 7 Hearing will involve detailed discussions of how Yipit structures and monetizes its data offerings, targets and serves investor customers, and negotiates sensitive commercial terms. Public disclosure of this information would cause significant and irreparable harm to Yipit's commercial position, particularly if competitors—such as M Science and other alternative data providers—were to gain insight into Yipit's customer targeting strategies, pricing



The Honorable John G. Koeltl
April 29, 2025
Page 3

terms, data sourcing methodologies, or the scope and nature of its contractual relationships. The resulting damage could include loss of customers, reduced bargaining leverage, compromised negotiation strategies, and erosion of Yipit's market differentiation.

      Yipit is requesting that the May 7 Hearing be conducted in a closed courtroom to prevent public disclosure of the same commercially sensitive information that has been sealed from the public record. Indeed, the Court has previously granted Yipit's motions to seal memoranda and supporting materials filed in connection with the hearing. *See, e.g.*, ECF Nos. 65, 73, 96, 153, 171, 196, 204, 220. Further, there is a protective order in place that is relevant to all Defendants other than M Science and Michael Marrale, in which the parties have agreed to a "Highly Confidential" designation for highly sensitive materials, which may be viewed only by the parties' counsel. ECF No. 44. The parties are still negotiating a protective order that also includes M Science and Michael Marrale; however, these Defendants have agreed to treat sealed versions of Yipit's recent filings, including its response to the Sur-Reply in opposition to Yipit's motion for a preliminary injunction (ECF No. 211), as "Attorney's Eyes Only" and highly confidential. Yipit further expects all parties will protect any trade secrets or other confidential information disclosed in this action pursuant to an appropriate protective order to be entered.

      If this application is approved, upon receipt of the transcript of the May 7 Hearing, Yipit will promptly provide proposed redactions for the Court's approval, limited to the protected information, so that the transcript may otherwise be made available on the public docket.

      For the foregoing reasons, Yipit respectfully requests that the Court grant this application to close the courtroom for the May 7, 2025 Hearing.

                                      Respectfully submitted,

                                      */s/ Kaitlyn A. Tongalson*
                                      Kaitlyn A. Tongalson

                                      *Attorney for Plaintiff Yipit*

cc: All Counsel (*via ECF*)