UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIPIT, LLC d/b/a YipitData<br><br>            Plaintiff,<br>v.<br><br>ZACHARY EMMETT, ALEXANDER PINSKY, VALENTIN RODUIT, MICHAEL MARRALE, M SCIENCE LLC, and JOHN DOES 1-10,<br><br>            Defendants. | Case No. 1:24-cv-07854-JGK (RFT) |

**STIPULATION AND [PROPOSED] PRELIMINARY INJUNCTION ORDER**

Plaintiff Yipit, LLC d/b/a YipitData ("Yipit") and Defendant Zachary Emmett, by and through their respective attorneys, hereby stipulate and agree to the following proposed Order.

WHEREAS, on October 16, 2024, Yipit initiated an action against Defendants Zachary Emmett and Alexander Pinsky, alleging, among other things, that Defendants Zachary Emmett and Alexander Pinsky misappropriated Yipit's confidential, proprietary, and trade-secret information;

WHEREAS, on January 30, 2025, Yipit filed a Second Amended Complaint adding Mr. Roduit, Michael Marrale, and M Science LLC as defendants to this action (Dkt. No. 88), and filed by Order to Show Cause a motion for a preliminary injunction (Dkt. Nos. 89-94); and

WHEREAS, to avoid the costs of unnecessary motion practice and Court proceedings, Yipit and Mr. Emmett have agreed to stipulate to a Preliminary Injunction as set forth below:

NOW THEREFORE, Yipit and Mr. Emmett hereby stipulate and agree that during the pendency of this litigation, Mr. Emmett will not take, and is enjoined from taking, certain actions with respect to business information of Yipit's that Yipit contends is confidential, proprietary, and/or trade secrets ("Yipit Information") and which may still be in his possession, custody, or control, if any; and it is hereby:

1.  **ORDERED** pursuant to Rule 65 of the Federal Rules of Civil Procedure, that pending resolution of this action, Defendant Zachary Emmett is:

    a. Preliminarily enjoined from engaging in any misappropriation, dissemination, copying, or use of any Yipit Information (including copies thereof) that Mr. Emmett may have obtained, directly or indirectly, from Yipit, and that may remain in his possession, custody or control, if any, including any copies of Yipit electronic files or information, material in the cloud, and/or hard copies;

    b. Required to provide, within three weeks of the filing of this stipulation, to all parties, a list of (i) any and all Yipit Information that is or was in Mr. Emmett's custody or control, (ii) any and all locations outside Yipit where any such information existed and/or was sent or transmitted, and (iii) the names of any and all persons to whom Mr. Emmett transmitted any such information, all to the best of Mr. Emmett's knowledge and recollection;

    c. Preliminarily enjoined from destroying, deleting, transferring, copying, or downloading any Yipit Information that he may have in his custody or control, other than in accordance with subparagraph (e) below;

    d. Required to provide, within three weeks of filing this stipulation, all personal devices, including cell phones and computers, currently in his possession to a nationally recognized third-party data forensics firm for immediate and comprehensive forensic imaging, subject to the supervision of his counsel;

    e. Pursuant to a protocol as ordered further below, required to permit the permanent removal, deletion, and destruction of any Yipit files or information found on Mr. Emmett's personal devices, subject to the supervision of Yipit, so as to fully preserve evidence of all such files or information prior to any such deletion; and

  f. Preliminarily enjoined from working or consulting for M Science, or any other person or business to whom or to which he may have disclosed any Yipit Information; and

 2. **ORDERED** that Mr. Emmett's counsel will maintain and preserve the comprehensive forensic images of Mr. Emmett's devices during the pendency of this action; and

 3. **ORDERED** that, without prejudice to Yipit's right to seek access to the full forensic image of Mr. Emmett's personal devices for inspection, as well as Mr. Emmett's right to oppose any such request, and without modifying Mr. Emmett's obligations set forth in this Order, Yipit and Mr. Emmett are ordered to discuss and agree on a protocol to provide for the identification of any Yipit Information on these forensic images of Mr. Emmett's personal devices, for the return and/or forensic removal of same, and to ensure all such information has been returned or removed, the costs of which Yipit will bear; and to consult with M Science LLC regarding the same in order to protect any information that may be found on these forensic images that M Science contends is confidential, proprietary, and/or trade secret; and

 4. **ORDERED** that nothing in this Order or in the application of it shall operate as an admission that any particular document or thing contains or reflects trade secret information, or information that is confidential, proprietary or otherwise subject to protection under the law; and

 5. **ORDERED** that Yipit is not required to provide a bond in support of the preliminary injunction; and

 6. **ORDERED** that this Order is without prejudice to any party's right to move to modify or dissolve any portion of this Order and other parties' rights to oppose any such motion; and

 7. **ORDERED** that Yipit's motion for a preliminary injunction as to Mr. Emmett is

terminated without prejudice, and the hearing on that motion as to Mr. Emmett is taken off the calendar.

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
Laura D. Smolowe
*Admitted pro hac vice*
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Tel: (310) 229-1000
Email: lsmolowe@akingump.com

*Attorneys for Plaintiff*

Dated: May 6, 2025

By: _____
Zachary Emmett, Pro Se

By: _____
Thomas B. Lewis
Stevens & Lee, PC
510 Carnegie Center Drive, S.
Princeton, NJ 08540
Tel: (609) 987-5335
Email: tbl@stevenslee.com
New Jersey Counsel for Zachary

SO ORDERED:

5/7/25

_____
Hon. John G. Koeltl
United States District Judge