**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YIPIT, LLC d/b/a YIPITDATA,<br><br>                Plaintiff,<br><br>     v.<br><br>ZACHARY EMMETT, ALEXANDER PINSKY, VALENTIN RODUIT, MICHAEL MARRALE; M SCIENCE LLC, and JOHN DOES 1-10,<br><br>                Defendants. | Case No. 1:24-cv-07854-JGK (RFT)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**PLAINTIFF YIPIT, LLC's MEMORANDUM OF LAW IN SUPPORT OF MOTION TO <u>APPROVE CONSENT JUDGMENTS</u>**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...........................................................................................................................1

ARGUMENT .................................................................................................................................2

I.     THE CONSENT JUDGMENTS ARE APPROPRIATE FOR A JUDICIALLY
ENFORCEABLE DECREE ................................................................................................2

II.    THE CONSENT JUDGMENTS WILL NOT PREJUDICE ANY PARTIES
OTHER THAN MR. EMMETT AND MR. RODUIT .......................................................3

CONCLUSION...............................................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Janus Films, Inc. v. Miller*,
    801 F. 2d 578 (2d Cir. 1986)..................................................................................................2, 3

**Statutes**

18 U.S.C. § 1836(b)(3)(A)(i) ...............................................................................................................2

Plaintiff Yipit, LLC d/b/a YipitData ("Yipit") respectfully submits this Memorandum of Law in Support of Motion to Approve Consent Judgments in the forms attached as **Exhibit A** and **Exhibit B** (each a "Consent Judgment" and together the "Consent Judgments") to the Declaration of Kyle Z. Cummings, filed concurrently herewith.

## INTRODUCTION

Yipit and Defendants Zachary Emmett and Valentin Roduit have each reached an agreement to resolve all of Yipit's outstanding claims against them in this action. In connection with their respective agreements, Mr. Emmett and Mr. Roduit have agreed to the entry of consent judgments in the forms filed concurrently with this Motion. Defendants M Science LLC and Michael Marrale have agreed to make no objection to the entry of these Consent Judgments.

In the Second Circuit, parties have the right to resolve disputes through the agreed-upon terms of a consent judgment. The Court's role in approving a consent judgment is minimal. The Court need only decide whether the agreement is appropriate for a judicially enforceable decree. Here, each Consent Judgment seeks relief appropriate for a judicially enforceable decree—entry of a judgment in favor of Yipit on its claims against Mr. Roduit and Mr. Emmett, and a permanent injunction against further misappropriation of Yipit's information. The injunctive relief sought is expressly authorized by the Defend Trade Secrets Act. Each Consent Judgment is also similar to the Stipulated Judgment and Permanent Injunction the Court has previously entered in this action. *See* Dkt. No. 301. Additionally, neither Consent Judgment would prejudice the rights, claims, defenses, or positions of any other parties in this action. Thus, the Consent Judgments are appropriate and the Court's minimal review is satisfied here.

Accordingly, Yipit respectfully requests that the Court enter each Consent Judgment.

## ARGUMENT

## I. THE CONSENT JUDGMENTS ARE APPROPRIATE FOR A JUDICIALLY ENFORCEABLE DECREE

The Consent Judgments request entry of relief appropriate for a judicially enforceable decree, satisfying the minimal determination required in the Second Circuit. The Second Circuit explained the standard of review for approving consent judgments in *Janus Films, Inc. v. Miller*, 801 F. 2d 578 (2d Cir. 1986):

> With a true "consent judgment" all of the relief to be provided by the judgment and all of the wording to effectuate that relief is agreed to by the parties. **The court makes no determination of the merits of the controversy or of the relief to be awarded.** …[¶]   In deciding whether to approve agreements calling for entry of either a consent judgment or a settlement judgment, a court normally has only a limited role so long as the dispute affects only private interests. Though the judge does not merely sign on the line, **he or she normally makes only the minimal determination of whether the agreement is appropriate to be accorded the status of a judicially enforceable decree.**

*Id.* at 582 (emphasis added and internal citations and quotations removed).

Yipit, Mr. Emmett, and Mr. Roduit have each agreed to all of the wording necessary to effectuate the relief encompassed in each Consent Judgment. Accordingly, the Court is not required to make any determination of the merits of this action or of the relief to be rewarded to enter the Consent Judgments. The Court need only determine "whether the agreement is appropriate to be accorded the status of a judicially enforceable decree." *Id.*

Here, each Consent Judgment enters a judgment in favor of Yipit for Yipit's respective claims against Mr. Emmett and Mr. Roduit, and would permanently enjoin Mr. Emmett and Mr. Roduit against further misappropriation of Yipit's information. Injunctive relief against misappropriation of trade secrets is expressly authorized by the Defend Trade Secrets Act, *see* 18 U.S.C. § 1836(b)(3)(A)(i), and this type of relief is routine and appropriate for inclusion in a

judicially enforceable decree.  Indeed, the Court has already entered a consent judgment which ordered similar relief against another individual defendant in this action.  *See* Dkt. No. 301. Accordingly, the Court's minimal review is satisfied and the Court should enter the Consent Judgments.

## II.    THE CONSENT JUDGMENTS WILL NOT PREJUDICE ANY PARTIES OTHER THAN MR. EMMETT AND MR. RODUIT

Entry of the Consent Judgments will not result in prejudice to any other party to this litigation.  The Consent Judgments do not require the Court to make any "determination of the merits of the controversy or of the relief to be awarded." *Janus Films*, 901 F.2d at 582.  Both Consent Judgments also expressly provide that they do not "in any way affect the rights, claims, defenses and/or other positions of any Defendant" besides the signatory.  *See* Consent Judgments ¶ 10.  This Court previously held that the inclusion of this same language in a consent judgment in this action ameliorated the risk of prejudice to other parties to this litigation.  *See* July 24, 2025 Hearing Tr. at 4:6-11 ("Further, this consent judgment explicitly provides in paragraph 12 that it does not, quote, 'in any way affect the rights, claims, defenses, and/or other positions of any defendant in this action other than Mr. Pinsky,' unquote.  Thus, any concern that the consent judgment could be used against M Science is unfounded.").

In addition, only Mr. Emmett and Mr. Roduit are bound by the terms of their respective Consent Judgments.  Each Consent Judgment sets forth directives limited only to the signatories to each Consent Judgment, and neither Consent Judgment would impose any kind of obligation on a non-signatory.  Accordingly, each Consent Judgment is appropriate for a judicially-enforceable decree and will not prejudice the other parties, and thus, the Court should enter the Consent Judgments.

## CONCLUSION

For these reasons, Yipit respectfully requests that this Court enter the Consent Judgments and order any additional relief that the Court deems just and proper.

Dated: November 10, 2025                    Respectfully submitted,
New York, New York

                                            */s/ Kyle Z. Cummings*
                                            Marshall L. Baker *(admitted pro hac vice)*
                                            Laura D. Smolowe *(admitted pro hac vice)*
                                            **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                            1999 Avenue of the Stars, Suite 600
                                            Los Angeles, CA 90067
                                            Tel: (310) 229-1000
                                            Email: lsmolowe@akingump.com
                                                   mbaker@akingump.com

                                            Erica Hoplland-Nesfield
                                            Kyle Z. Cummings
                                            **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                            One Bryant Park, 44th Floor
                                            New York, NY 10036
                                            Tel: (212) 872-1000
                                            Email: eholland@akingump.com
                                                   kcummings@akingump.com

                                            *Attorneys for Plaintiff Yipit, LLC, d/b/a YipitData*

## **CERTIFICATION OF COMPLIANCE**

Pursuant to Paragraph III(D) of the Court's Individual Rules, I hereby certify that the

total number of words in this memorandum of law, excluding the cover page, table of contents,

table of authorities, and certification of compliance is 943.


*/s/ Kyle Z. Cummings*

Kyle Z. Cummings