UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIPIT, LLC d/b/a YipitData,<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARY EMMETT, ALEXANDER PINSKY, VALENTIN RODUIT, MICHAEL MARRALE, M SCIENCE LLC, and JOHN DOES 1-10,<br><br>    Defendants. | Case No. 1:24-cv-07854-JGK<br><br>**JURY TRIAL DEMANDED** |

### [~~PROPOSED~~] STIPULATED JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, on October 16, 2024, Plaintiff Yipit, LLC d/b/a YipitData ("Yipit") initiated the above-captioned action against Defendants Zachary Emmett and Alexander Pinsky, alleging, among other things, that Defendants Zachary Emmett and Alexander Pinsky misappropriated Yipit's confidential, proprietary, and trade-secret information;

WHEREAS, Yipit subsequently filed a First Amended Complaint in the Emmett Action on December 20, 2024, alleging the same causes of action as the original complaint;

WHEREAS, Yipit subsequently filed a Second Amended Complaint in the Emmett Action on January 30, 2025, alleging the same causes of action against Zachary Emmett and Alexander Pinsky, and adding, among others, Valentin Roduit as an additional defendant in Counts I, II, and IX;

WHEREAS, Zachary Emmett and Yipit (collectively, and for purposes of this Judgment, the "Parties") have reached an agreement to resolve the above-captioned action, and as part of that agreement, have agreed to the Stipulated Judgment and Permanent Injunction set forth below (the "Judgment");

1

WHEREAS, the Parties' agreement to resolve the above-captioned action is conditioned upon entry by the Court of this Judgment; ~~and there being no opposition,~~

IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND THE COURT HEREBY ORDERS WITH RESPECT TO 1 THROUGH 10 BELOW, AS FOLLOWS:

1. Judgment is entered for Plaintiff Yipit and against Zachary Emmett on the First, Second, Third, Fifth, Seventh, Eighth, and Ninth Causes of Action in Plaintiff's Second Amended Complaint (Dkt. No. 84);

2. The Court expressly determines that there is no just reason for delay and therefore directs the entry of final judgment against Zachary Emmett and in favor of Plaintiff Yipit according to Federal Rule of Civil Procedure 54(b). All of Yipit's claims against Zachary Emmett in the above-captioned action are hereby concluded and resolved by this Judgment;

3. Zachary Emmett is:

   a. Permanently enjoined from engaging in further misappropriation, dissemination, copying, and use of any of Yipit's proprietary, confidential, and/or trade secret information (including copies thereof) that he copied, saved, printed, remembers, or otherwise obtained from Yipit, including all copies of Yipit electronic files or information in his possession (including the files and information that Mr. Emmett sent to any of his personal accounts or provided to Mr. Pinsky or others) or memory;

   b. Permanently enjoined from continuing to possess, and, to the extent he has any in his possession, custody, or control, shall return to Yipit within two weeks of executing this Judgment, any and all of Yipit's proprietary, confidential, and/or

2

trade secret information (including copies thereof) that were copied, saved, printed or otherwise obtained from Yipit, including all copies of Yipit electronic files or information in his possession (including the files and information that Mr. Emmett sent to any of his personal accounts or provided to Mr. Pinsky or to others);

c. Permanently enjoined from destroying, deleting, transferring, copying, or downloading any of Yipit's proprietary, confidential, and/or trade secret information in his custody or control.

d. Permanently enjoined from working or consulting for M Science, LLC;

4. Zachary Emmett understands and agrees that the violation of the Judgment will expose him to all penalties provided by law;

5. Zachary Emmett understands and agrees that the violation of the Judgment will constitute immediate and irreparable injury to Yipit and that Yipit shall have the right to enforce this Judgment and any of its provisions by injunction, specific performance or other equitable relief, without bond and without prejudice to any other rights and remedies that Yipit may have for a breach or threatened breach of this Judgment;

6. Zachary Emmett irrevocably and fully waives any and all right to appeal the Judgment, to have it vacated or set aside, or otherwise to attack in any way, directly or collaterally, its validity or enforceability;

7. Zachary Emmett consents to the continuing jurisdiction of the Court for purposes of enforcement of the Judgment;

8. The Court will maintain continuing jurisdiction over this action for purposes of enforcing the Judgment;

9.  The Parties shall bear their own costs and attorneys' fees; and

10. This Judgment does not in any way affect the rights, claims, defenses and/or other positions of any Defendant to this Action other than Zachary Emmett.

SO STIPULATED AND AGREED.

_____     November 5, 2025
Laura D. Smolowe                    Date
Counsel for Yipit

_____     November 6th, 2025
Zachary Emmett. Pro se              Date

IT IS SO ORDERED.

11/11/25    _____
            **Judge John G. Koeltl**
            **United States District Judge**

Copies furnished to:
All Counsel of Record

4